‑GLACIER STATE ELECTRIC SUPPLY COMPANY, A CORPORATION, PLAINTIFF AND APPELLANT, v. JOHN C. HOYT, FIRST WESTSIDE NATIONAL BANK, FIRST CHOTEAU COUNTY BANK, JOE L. ROBERTS, IDELLA M. ROBERTS, MARY E. HOYT AND E. WINSTON GROGAN, DEFENDANTS AND RESPONDENTS.

No. 11547.
Submitted Feb. 10, 1969.
Decided March 6, 1969.
451 P.2d 90.

Graybill, Graybill & Ostrem, Great Falls, Leo C. Graybill, Jr. (argued), Great Falls, for appellant.

Hoyt & Bottomly, Great Falls, John C. Hoyt (argued), Great Falls, for respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This action involves an attempted foreclosure of a materialman's lien against a homeowner by a wholesale electrical supply company. The district court granted summary judgment in favor of the homeowner and the materialman appeals.

In the fall of 1965 John C. Hoyt contracted with DeLucas Construction Company as general contractor for extensive remodelling of his home in Great Falls. DeLucas engaged several subcontractors to do various phases of the overall remodelling, one of which was the electrical subcontractor, Bench

Electric. Bench Electric obtained various electrical fixtures and products from Glacier State Electric Supply Company, a wholesaler dealing only with contractors, which were installed in the Hoyt residence by Bench Electric. Hereafter these various parties will be referred to as the homeowner, the general contractor, the electrical subcontractor and the materialman respectively.

Prior to selection and installation of the electrical fixtures in the Hoyt residence, the general contractor, the electrical subcontractor, the homeowner and his wife went to the materialman's business premises in order to look at his stock of electrical fixtures on display as a means of expediting the selection of fixtures. At this time the general contractor, the electrical subcontractor and the materialman made it very plain and clear to the homeowner and his wife that the latter were not dealing with the materialman as he was a wholesaler and dealt only with contractors.

At this time it was known to the materialman but unknown to the homeowner that the electrical subcontractor owed the materialman in excess of $8,000 on open accounts. During the course of remodelling the Hoyt house, the homeowner paid the electrical subcontractor slightly less than $2,000 which covered payment in full for the electrical fixtures and products furnished by the materialman. During this same period of time the electrical subcontractor paid the materialman $4,000 which was applied by the materialman to its open account with the electrical subcontractor. This sum was credited to the oldest items of the open account first, resulting in none of it being applied to the payment of any of the fixtures used in the Hoyt house.

At all times material to this action, the materialman knew that the electrical subcontractor was in financial difficulties. After being unable to collect his entire account against the electrical subcontractor, the materialman filed a lien against

the owner within the lien period. Shortly thereafter, the electrical subcontractor declared bankruptcy.

This lien foreclosure action resulted. During the course of the action, the homeowner filed various requests for admissions from the materialman pursuant to Rule 36, M.R.Civ.P., directed various interrogatories to the materialman pursuant to Rule 33, M.R.Civ.P., both filed pre-trial memoranda, a pre-trial conference was held, and a pre-trial order entered pursuant to Rule 16, M.R.Civ.P. Thereafter the homeowner moved for summary judgment pursuant to Rule 56, M.R.Civ.P. Following a hearing thereon, the district court made findings of fact, conclusions of law and granted the homeowner's motion for summary judgment. The basis of the district court's action was that no contractual relationship existed between the homeowner and the materialman and therefore the lien was invalid. This appeal by the materialman from the granting of the summary judgment in favor of the homeowner followed.

The underlying issue upon this appeal is whether under the facts of this case the materialman of the subcontractor has a valid lien against the homeowner. We answer in the negative.

The controlling statute is section 45-501, R.C.M.1947, which reads in its pertinent parts as follows:

"Every mechanic, miner, machinist, architect, foreman, engineer, builder, lumberman, artisan, workman, laborer, *and any other person* * * * furnishing any material * * * or fixture for, any building * * * upon complying with the provisions of this chapter, for his * * * material * * * or fixtures furnished, has a lien upon the property upon which the * * * material is furnished." (Emphasis supplied.)

A literal interpretation of this statute, standing alone, would appear to grant lien rights to any materialman furnishing materials used on any building located on a given parcel of land without regard to any other considerations. Such literal interpretation is not the law of Montana however. If it were, a lien could be imposed on improvements made on

property without the knowledge or consent of the owner. In addition to such furnishing of materials, a contract, express or implied, by the owner of the property is required for the existence of a materialman's lien. Dewey Lumber Co. v. McQuirk, 96 Mont. 294, 30 P.2d 475. Such contract need not be between the owner and the materialman; all that is required is a contract by the owner to build the building and any materialman furnishing materials to the contractor pursuant to such building contract is entitled to a lien. Morin Lumber Co. v. Person, 110 Mont. 114, 99 P.2d 206. The rationale behind this rule is that by virtue of the contract between the contractor and the owner, there is an implied agency between the two, giving the contractor the authority to contract with materialmen for the purchase of necessary materials. Cf. Greene Plbg. & Heating Co. v. Morris, 114 Mont. 234, 395 P.2d 252.

But what about materialmen of the subcontractor rather than the contractor? This is the situation posed by the instant case. Counsel herein requests a broad ruling on this general question without regard to the facts of this particular case. We decline, limiting our decision to the facts herein presented.

What are the facts in the instant case? Not only is there no contractual relationship between the owner and the materialman, there is also no contractual relationship between the contractor and the materialman. The only contractual relationship is between the subcontractor and the materialman. Any implied contractual relationship that might otherwise exist between the owner and the materialman through the principal contractor and the subcontractor by application of agency principles was expressly disaffirmed by agreement of the parties.

In the facts set forth by the owner in his pre-trial memorandum appears the following: "The General Contractor, the subcontractor and the plaintiff (the materialman), in the presence of each other, made it very plain and clear to Owner and his wife that Owner and his wife were not dealing with plaintiff

(the materialman), as plaintiff (the materialman) was a wholesaler and dealt only with contractors, but that this was merely a matter of expediting the selection of fixtures by Owner and his wife." (Parenthetical material added.)

Thereafter the owner served an interrogatory upon the materialman as follows:

"In the event that you contend that any portion of the statement of facts contained in the pre-trial memorandum of defendant John C. Hoyt is incorrect, please state in detail in what respect you so contend." The materialman's answer to this interrogatory does not take issue with the above quoted statement of fact by the owner. Accordingly the district court adopted this as an uncontested fact in its findings of fact on the owner's motion for summary judgment.

We hold that where, as here, there is an express disaffirmance of contractual dealings and obligations between the materialman and the owner by the principal contractor, the subcontractor and the materialman, no valid materialman's lien against the owner can result.

The order of the district court granting summary judgment to the owner and declaring the materialman's lien invalid is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN C. HARRISON and BONNER, concur.