WILLIAM E. MOXLEY, JR., Plaintiff and Appellant, v. MONIDA S. VAUGHN, Individually, and as Executrix of the Estate of Charles E. Pew, deceased, First National Bank and Trust Co., a corporation, Commerce Bank and Trust Company, a corporation, Defendants and Respondents.

No. 11065.
Submitted May 4, 1966. Decided July 15, 1966.
Rehearing denied August 18, 1966.
416 P.2d 536.

Leif Erickson (argued), Helena, Jerrold R. Richards (argued), Helena, Higgs, Fletcher & Mock, San Diego, Cal., for appellant.

Galusha & Meloy, Helena, John R. Kline (argued), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

The appellant, William E. Moxley, Jr., brought this action requesting that he be declared the owner of certain property in the City of Helena. The District Court of the First Judicial District rendered judgment, and this appeal is from a portion of that judgment.

Prior to her death on November 22, 1961, Cora Read Pew was the sole owner of certain real estate in the City of Helena commonly known as No. 312 Fuller Avenue. She entered into a contract with the 312 Fuller Avenue, Inc., for the sale of that property. Charles E. Pew, her husband, joined in the execution of the contract. This contract, after setting forth the terms of payment, specified that all payments were to be made to the First National Bank and Trust Company of Helena, Montana, for the credit of Cora Read and Charles E. Pew. It further provided that such payments be deposited by said

bank in an account subject to draft by Cora Read and Charles E. Pew or either of them or their survivor.

This contract was still in effect when Cora Read Pew died. Her will provided that all her property be distributed as follows:

"1. To Charles E. Pew, my husband, for his lifetime, with the right in him to use the same as he shall see fit, and the right to sell, lease, mortgage, or otherwise handle and dispose of the same, and to use the income and the principal thereof for his subsistence, comfort and enjoyment, but without the right to dispose of any thereof by will.

"2. If my said husband shall not survive me, all of my said estate, or if he shall survive me, then upon his death, the then remainder of my said estate, to Frances Read Moxley, my sister, or if she shall not survive my said husband and myself, then to William E. Moxley, Jr."

Charles E. Pew was appointed executor of this will and the estate of Cora Read Pew was probated. The decree approving the final report and distributing the estate was entered by the court. It provided in part that the residue consisting of the No. 312 Fuller Avenue property subject to Contract of Sale, and all sums paid upon said Contract of Sale and other property, is hereby distributed to Charles E. Pew, for his lifetime. It also provided, as did the will of Cora Read Pew, that he could use the property as he saw fit, sell it, or otherwise dispose of it, and use the principal and income thereof for his subsistence and enjoyment, "but without the right to dispose of any thereof by will."

Thereafter, Charles E. Pew died and respondent, Monida S. Vaughn, was named executrix of the estate. She was also the sole beneficiary under his will. In probate of the estate of Charles E. Pew the respondent claimed the Fuller Avenue property as her property and listed it in the inventory filed by her. Thereafter, this lawsuit was filed in which the appellant claimed to be the owner of the vendor's interest in the

contract for sale of the Fuller Avenue Property and of all payments on that contract since the death of Charles E. Pew. It was appellant's belief that under the will of Cora Read Pew, Charles E. Pew had only a life interest in these properties, and that upon the death of Charles E. Pew, he, the appellant, succeeded to her interests.

The respondent claims to be the owner of these properties as beneficiary and executrix of the estate of Charles E. Pew. It is her contention that the contract of sale of the Fuller Avenue property created a joint tenancy in the vendor's interest therein and that Charles E. Pew became the sole owner of said vendor's interest as the survivor of the alleged joint tenancy.

The district court found that the contract of sale of the Fuller Avenue property was a joint tenancy contract, and pursuant to its terms Charles E. Pew, upon surviving Cora Read Pew, became the sole owner of said contract; that upon the death of Charles E. Pew, the respondent became entitled to the contract and all payments made thereon and to be made thereon; and that the probate court in the estate of Cora Read Pew had no jurisdiction over the contract except to terminate the joint tenancy therein.

The appellant specifies the district court to be in error in all the above findings except that the respondent is entitled to all payments made to the First National Bank and Trust Company prior to the death of Charles E. Pew.

The central issue raised by this appeal is whether the contract for the sale of the Fuller Avenue property and the joint bank account was joint tenancy property which became the sole property of Charles E. Pew upon the death of Cora Read Pew, or whether this property was residue of the estate of Cora Read Pew and passed to the appellant upon the death of Charles E. Pew. The appellant contends the property was residue of the estate of Cora Read Pew as provided in the decree of distribution of her estate, and that under section 91-

3902, R.C.M.1947, this decree cannot be attacked in a collateral proceeding.

The rule governing the collateral attack of a decree of distribution has been set forth in Bell's Estate v. State, 134 Mont. 345, 331 P.2d 517. It is as follows:

"A decree of distribution is conclusive upon the rights of the heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal. * * *

" 'It has been well-settled in this state that a court will overturn a judgment on collateral attack only if the judgment is void on its face, and it appears affirmatively from the judgment role that the court did not have jurisdiction or committed an act in excess of jurisdiction.' * * * In re Hofmann's Estate, 132 Mont. 387, 318 P.2d 230."

The respondent contends that the court in the Estate of Cora Read Pew committed such an act. The respondent states that the property in question was joint tenancy property, that it passed to Charles E. Pew upon the death of his wife and that it was never a part of the Estate of Cora Read Pew. If this contention of the respondent be true, then the court in the Estate of Cora Read Pew was without jurisdiction and that decree is subject to collateral attack.. Thus, in order to determine the jurisdiction of the court in the Estate of Cora Read Pew it must first be determined whether the property in question was joint tenancy property.

In this state the legislature has set forth certain statutory requirements for the creation of a joint tenancy. Section 67-308, R.C.M.1947, provides:

"A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer, to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants."

Section 67-313, R.C.M.1947, provides:

"Every interest created in favor of several persons in their own right, including husband and wife, is an interest in common, * * * unless declared in its creation to be a joint interest, as provided in section 67-308."

The above-quoted statutes provide in effect that a tenancy in common will be created unless the intent to create a joint tenancy is clearly shown. The rule of law is clear, the difficulty is in applying it.

In order to conclude that a joint tenancy was created it must be established that it was the intent of the grantor to create such an interest. As to what words are necessary to express this intent the majority of the courts agree that the exact words "joint tenants" need not be used. (Armstrong v. Hellwig, 70 S.D. 406, 18 N.W.2d 284.) The South Dakota Court in the Armstrong case stated:

"According to the overwhelming weight of authority, interpreting like statutes, an intention to create a joint tenancy may be expressly declared without employing those particular words."

This court approved the rule of the South Dakota Court in Hennigh v. Hennigh, 131 Mont. 372, 309 P.2d 1022, and pointed out that the South Dakota joint tenancy statutes are the same as our own.

The application of the law to this particular case requires careful scrutiny of the contract of sale of the Fuller Avenue property. It is from this instrument that the interest of the grantor must be gleaned. The words "joint tenants", "joint interest" or similar words normally used in the creation of a joint tenancy are noticeably absent from this contract. The only language in the contract which indicates an intent to create a joint interest concerns the bank account. This language provides that payments on the contract of sale are to be made to the First National Bank and deposited in an account subject to draft by Charles E. Pew and Cora Read Pew "or either of them or their survivors." Assuming that this lan-

guage operates to create a joint tenancy interest in the bank account does not mean it creates such an interest in the entire contract. If a joint tenancy interest is to be established in the contract, and the property subject to it, evidence of such intent on the part of the grantor must clearly show from the language used. A provision for payments to be made into a joint account does not by itself operate to create a joint tenancy in the interest being conveyed. Section 67-308, supra, requires an express declaration that the interest being created is to be a joint tenancy, and in the absence of such express declaration section 67-313, supra, provides the interest created, if any, shall be an interest in common. The contract for the sale of the Fuller Avenue property does not contain an express declaration establishing a joint tenancy in the property being sold thereunder.

Thus, no interest having been created by the contract in Charles E. Pew, the vendor's interest in the Fuller Avenue property, upon the death of Cora Read Pew passed into her estate. Charles E. Pew, as provided in the will of Cora Read Pew, became the owner of the vendor's interest for life, and upon his death it passed to the appellant, who was the residuary legatee of the estate of Cora Read Pew. The appellant, along with the vendor's interest in the property, is entitled to the payments on the contract made subsequent to the death of Charles E. Pew.

It having been decided that no joint tenancy interest was created in Charles E. Pew, the determination of the issue, raised by the appellant, of whether or not Charles E. Pew accepted the contract of sale as a gift of a joint tenancy in the property, is immaterial. However, even if this court were to assume that the contract was intended to create a joint tenancy interest in Charles E. Pew the evidence shows that he did not accept the property as such. Rather he treated it as if his wife Cora Read Pew were the sole owner. The final Decree of Distribution was prepared in part by Charles E. Pew. It was

through his initiative that a description of the Fuller Avenue property was included in the residue of his wife's estate. He amended the final report to the Board of Equalization increasing the value of the "Appraised Joint Tenancy Property" from $23,373.41 to $41,035.87. He increased the value of the "Receipts Per Inventory and Appraisement" from $50,360.24 to $68,022.70 in the First and Final Account of Executor. The result of this increase in value of the Fuller Avenue property was to double the amount of taxes paid on the estate. Such acts by Charles E. Pew demonstrate that if the contract intended to convey to him, as a gift, a joint interest in the Fuller Avenue property, he did not accept it. Therefore, even if this assumption were correct, the decision of this court would be the same. The judgment of the district court is reversed and the property ordered distributed in conformity with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON and ADAIR concur.