No.  14263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

EUGENE HIGGINS et al.,

Plaintiffs and Respondents,

-vs-

THE MONTANA HOTEL CORPORATION et al.,

Defendants and Appellants.

Appeal from:  District Court of the Third Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellants:

McCaffery and Peterson, Butte, Montana
John L. Peterson argued, Butte, Montana

For Respondents:

Poore, McKenzie, Roth, Robischon & Robinson, Butte,
Montana
James A. Poore argued, Butte, Montana
Michael J. McKeon, Anaconda, Montana

Submitted:  February 13, 1979
Decided: MAR 19 1979

Filed: MAR 19 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a judgment entered in the District Court for Deer Lodge County, on March 20, 1978, in a tax title proceeding. Appellant appeals from the decree quieting title in respondent and respondent asserts that attorney fees should be awarded.

On April 6, 1964, the Montana Hotel Corporation, as owner of the Marcus Daly Hotel in Anaconda, Montana entered a construction contract with Thomas Lutey, doing business as Lutey Construction Company. The contract provided that Lutey Construction Company (Lutey) was to remodel the hotel and build a motel on adjacent lots.

Lutey completed work in 1965 and being unpaid for part of the contract, on October 25 of the same year, filed a mechanic's lien against the hotel and motel properties. Other contractors were in the same position and also filed liens.

In a foreclosure action commenced by the other contractors on April 19, 1967, Lutey, the Montana Hotel Corporation and others were named as defendants. Lutey cross-complained and his lien, in the amount of $56,070 was foreclosed by a default judgment entered on March 2, 1977. The judgment recited that Lutey had a "first valid and subsisting lien upon the interest of the Montana Hotel Corporation."

Meanwhile, Montana Hotel had leased the property upon which the motel was to be built from Torgerson Brothers, Inc. with the understanding that it would be built. The motel was built but the corporation did not pay its property taxes for 1967, 1968, 1969, 1971, 1972 or 1974 and the property was struck off to Deer Lodge County in the amounts assessed.

On January 27, 1976, Eugene Higgins, a respondent in this action, paid the taxes, received a certificate of tax assignment on the hotel property, and published notice of intent to apply

for a tax deed to that property. On May 12, 1976, Montana Hotel Corporation assigned its leasehold interest in the motel property to Higgins. On May 27, 1976, Higgins paid the back taxes, penalties and interest accrued which pertained to the buildings and improvements on the motel property. The county treasurer considered the motel building and improvements to be personal property and did not issue a certificate of tax assignment.

On February 11, 1977, Higgins entered into a contract with Marouf Carpenter, a respondent in this action, whereby Carpenter obtained an option to purchase the motel property. The contract provided that Carpenter would not have to purchase until satisfied that Higgins' leasehold could be transferred free and clear of all liens and encumbrances. Carpenter began operation of the motel on February 15, 1977 and at the time of trial was still running the Marcus Daly Motel.

Between April 6, 1977 and August 11, 1977, Higgins and Carpenter made expenditures totaling $33,840.66 which, for purposes of this decision, will be assumed to be expenses incurred in maintaining and improving the motel property.

On August 18, 1977, Higgins filed his complaint in two counts seeking to quiet title in the hotel property (Count I) and to procure a tax deed to and quiet title in the motel property (Count II). A show cause hearing was subsequently held and the court ordered that a payment of $56,756.32 was necessary to redeem the motel buildings and improvements. Lutey deposited this amount with the clerk of court on October 6, 1977 and filed his answer to the complaint. He asserted that he was, by the filing of his mechanic's lien and the foreclosure thereon which has remained unsatisfied, a lienholder and therefor a proper redemptioner. Lutey did not assert an interest in the hotel property.

- 3 -

The trial court adopted Higgins' findings of fact and conclusions of law. Count I of the action is not included in this appeal. With regard to Count II, the District Court held that Higgins was entitled to a certificate of tax assignment under section 84-4138, R.C.M. 1947, now section 15-17-303 MCA, and that because of laches, Lutey was estopped from redeeming the property. The court ordered that Lutey's deposit be returned to him and that a tax deed to the motel buildings and improvements be issued to Higgins. Although the complaint prayed for attorney fees, no evidence was produced at trial upon which to base an award and none were awarded.

The following issues are raised on appeal:

(1) Whether laches will apply to bar a redemptioner in an action to procure a tax deed.

(2) Whether in an action to procure a tax deed a redemptioner must reimburse the plaintiff for improvement and maintenance expenses incurred in addition to the taxes, penalties and interest paid by the plaintiff.

(3) Whether attorney fees are available when the issue is pleaded but not raised at trial or made part of the trial court's judgment.

Under Montana law, when property taxes are not paid, the property is sold at a tax sale pursuant to the procedure set forth in section 84-4117 et seq., R.C.M. 1947, now section 15-17-101 et seq. MCA. When there is no purchaser at the sale, the property is sold or struck off to the county for the amount of tax due. Section 84-4124, R.C.M. 1947, now section 15-17-207 MCA.

After this has occurred the county may assign its interest to anyone who pays the taxes due on the property plus penalties, costs and interest. It then issues the assignee a certificate of tax assignment. Section 84-4138, R.C.M. 1947, now section 15-17-303 MCA. In this case no certificate was issued but it was agreed by the parties that Higgins, upon his payment of the amounts

- 4 -

due was entitled to one and we shall proceed as if it had in fact been issued. The assignee does not have title to the property; rather he has an inchoate right which can ripen into a title which is free from all encumbrances. Johnson v. Silverbow County (1968), 151 Mont. 283, 287, 443 P.2d 6; Jensen Livestock Co. v. Custer County (1942), 113 Mont. 285, 295, 124 P.2d 1013.

Title to the property in the form of a tax deed may be obtained in either of two ways. The purchaser or his assignee may employ the statutory method as outlined in section 84-4151 et seq., R.C.M. 1947, now section 15-18-20⅟-MCA, whereby notice of the intention to procure a tax deed must be given to all potential redemptioners. The second method is to bring a civil action in the county where the property is located. Section 84-4162 et seq., R.C.M. 1947, now section 15-18-301 et seq. MCA. Respondents used the judicial method and the code sections pertinent thereto /govern our decision.
                                                      to

In judicial proceedings to procure a tax deed all parties who have a recorded interest in the property are to be made defendants. Section 84-4163 et seq./ now section 15-18-302 MCA.
                                              R.C.M. 1947
It is also provided that:

> " . . . Any defendant to the action may make redemption of the lands from the tax sale by paying the total amount of delinquent taxes and penalties which plaintiff has paid, with interest thereon at 8% a year from date of payment, together with costs of the action. Upon such payment, a certificate of redemption shall be issued by the county treasurer to the defendant so paying, and thereupon the action shall be dismissed . . ." Section 84-4166, R.C.M. 1947, now section 15-18-305 MCA.

Respondents' contention that Lutey is barred by laches from redeeming the property is premised on two sets of circumstances. They first assert that the delay between the filing of Lutey's mechanic's lien in 1965 and its foreclosure in 1977 constitutes laches. In effect, they urge this Court to ignore

Lutey's "valid and subsisting lien" and would have us set aside the default judgment which foreclosed that lien. Respondent Higgins' interest in the motel property was obtained in May 1976 when the Montana Hotel Corporation assigned its lease to him. He was thus in privity with a party to the foreclosure action, In re Smith's Estate (1921), 60 Mont. 276, 299, 199 P. 696, and because his interest was obtained after the commencement of the foreclosure action but before final judgment was rendered therein, the proper mode of attack is by appeal. Wight v. Chandler (10th Cir. 1959), 264 F.2d 249, 253; Teisinger v. Hardy (1929), 86 Mont. 180, 190, 282 P. 1050.

A collateral attack on a judgment, such as undertaken here, is possible only if it is "void on its face and it appears affirmatively from the judgment role (sic) that the court did not have jurisdiction or committed an act in excess of jurisdiction." Moxley v. Vaughn (1966), 148 Mont. 30, 34, 416 P.2d 536. No such showing has been made herein. The fact that this foreclosure was decreed by default is of little consequence; it "is as conclusive against collateral impeachment as any other form of judgment." 49 C.J.S. Judgments §404.

Respondents' second argument with regard to laches is that once Lutey was notified of Higgins' intent to procure a tax deed for the hotel property he delayed his attempt to redeem the motel property and thereby induced respondents to make expenditures. Notice of intent to apply for a tax deed to the hotel property was just that; it was not notice of intent as to the motel property. Once Lutey was notified of the judicial proceeding as to the motel property he did not delay in asserting his statutory right of redemption.

Having determined that Lutey may redeem the property, we now turn to the question of the amount necessary to accomplish the redemption. Respondents argue that since this is an action to

quiet title, section 81-4158, R.C.M. 1947, now section 15-18-401 MCA, applies and Lutey must pay not only the delinquent taxes, penalties and interest, but also the maintenance and improvement expenses incurred. The respondents in this action have a certificate of tax assignment; this is not title to the property. Johnson v. Silver Bow County (1968), 151 Mont. 283, 287, 443 P.2d 6. None of the expenses they incurred were under color of title and no reimbursement is necessary. This is a judicial proceeding to procure, not to protect, a tax deed. Thus, section 84-4166, R.C.M. 1947, now section 15-18-305 MCA, governs and Lutey, as redemptioner must pay "the total amount of delinquent taxes and penalties which plaintiff has paid, with interest thereon at 8% a year from date of payment together with costs of the action."

When a tax deed is sought through civil action, "the court shall allow the successful party his costs, to be fixed by the court including a reasonable attorney's fee." Section 84-4167, R.C.M. 1947, now section 15-18-306 MCA. Lutey is the successful party in this action. Niles v. Carbon County (1977), ____Mont.____, 568 P.2d 524, 527, 34 St.Rep. 827. Respondents, as the parties from whom redemption is made, are entitled to "costs of the action". Section 84-4166, R.C.M. 1947, now section 15-18-305 MCA. Because costs do not include attorney fees, Tomten v. Thomas (1951), 125 Mont. 159, 165, 232 P.2d 723, and because respondents were not successful parties, any award of attorney fees to them would be improper.

Since no evidence was offered on attorney fees at trial, we remand the case for a determination of Lutey's costs and attorney fees under section 84-4167, R.C.M. 1947, now section 15-18-306 MCA, and also respondents' costs up until October 7, 1977, the date Lutey redeemed. Section 84-4166, R.C.M. 1947, now

section 15-18-305 MCA.

Reversed and remanded.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John C. way Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices