No. 81-03

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

ARWOOD STICKNEY, HIRAM NELSON, DENNIS
NELSON, MIKE NELSON, DAN NELSON, WILLIAM
O'NEILL, et al.,

Plaintiffs and Appellants,

vs.

STATE OF MONTANA, COUNTY OF MISSOULA,
MISSOULA COUNTY ATTORNEY, "DUSTY" DESCHAMPS, et al.,

Defendants and Respondents.

---

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               Honorable James Wheelis, Judge presiding.

Counsel of Record:

    For Appellants:

        William D. Morris, Missoula, Montana

    For Respondents:

        Robert L. Deschamps, County Attorney, Missoula, Montana
        Boone, Karlberg & Haddon, Missoula, Montana
        Terry A. Wallace, Missoula, Montana

---

Submitted on briefs: September 3, 1981

Decided: November 25, 1981

Filed: NOV 25 1981

_Thomas J. Kearney_

Clerk

Mr. Justice Frank B. Morrison delivered the Opinion of the Court.

Plaintiffs appeal from the dismissal of their complaint against Missoula County Attorney Dusty Deschamps, Justice of the Peace Janet Jensen and Missoula County Sheriff Ray Froehlich. Plaintiffs also appeal the District Court's award of $500 in attorney fees to Jensen.

On May 5, 1980, eight of the appellants (Arwood Stickney, Chriss Nelson, Barbara Welch, Daniel Nelson, Dennis Nelson, Hiram Nelson, Michael Nelson and Patsie Hoskinson) were in the courtroom of Justice Jensen awaiting the misdemeanor trial of appellant William O'Neill. O'Neill was charged with violation of the vehicular liability insurance statute. The appellants are related to O'Neill and were present to show their support for his challenge to the constitutionality of the statute. Deschamps was present representing Missoula County. Before the trial began, Jensen asked the appellants to leave the overcrowded courtroom. They refused. Jensen found them in contempt, section 3-10-401(3), MCA, and immediately sentenced each to one day in jail. The appellants held in contempt were taken into custody by the Missoula County deputies and confined in the county jail for one day. The appellants served their sentences and were released.

A complaint for damages was filed June 9, 1980. The complaint named as defendants the State of Montana, Missoula County, Deschamps, Jensen, Froehlich and the arresting deputies. The State of Montana was dismissed by the District Court and is no longer a defendant in this action. In addition to O'Neill and those appellants found to be in contempt, five others, also related to O'Neill and the other

-2-

appellants, claimed damages from the arrest and confinement.

The appellants alleged the actions of Jensen constituted official misconduct in office. They alleged Deschamps breached his duty to "act and prevent acts constituting criminal conduct when said acts [were] committed in his presence" and that appellant William O'Neill was denied his right to public trial. The remaining damages claimed resulted from the jail conditions and emotional distress. The complaint particularly alleged that, the elected officials were liable in <u>both</u> official and personal capacities.

The District Court dismissed the action against Deschamps, Jensen and Froehlich, in both official and personal capacities and awarded Jensen $500 in attorney fees finding the personal liability claim against her "frivolous and without apparent merit."

Appellants have abandoned their claims against Deschamps, Jensen and Froehlich in their official capacities, relying upon their apparent conviction that their cause can be supported on a theory of personal liability.

Appellants present two issues in the appeal:

1. Whether the District Court properly dismissed the action against the named officials in their personal capacity.

2. Whether the District Court erred in awarding attorney fees to the justice of the peace.

Both challenges must fail.

We hold the District Court properly dismissed the action against respondents Deschamps, Froehlich and Jensen in their personal capacities. Appellants have failed to appeal the dismissal of the action based upon official conduct, therefore Deschamps, Froehlich and Jensen are no longer defendants in the action. Further, we affirm the District

Court's award of attorney fees incurred by Jensen in defense of the personal liability claim.

First, review of the appellants' complaint mandates the conclusion the District Court acted properly. The facts as pleaded by appellants present no basis for personal liability. Throughout the events recited in the complaint the respondents acted in their official capacities only. Under the facts of this case, viewed in a light most favorable to appellants, there simply can be no personal liability for the named respondents.

Second, the award of attorney fees was within the discretionary powers of the District Court. We find no abuse of discretion. In Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, we affirmed an award of attorney fees although no specific contractual or statutory grant so provided. We held the District Court "reserv[ed] the power to grant complete relief under its equity power," which power should be applied on a case-by-case basis. Like the defendant who was awarded attorney fees in Foy, Jensen, through no fault of her own, was forced to personally defend against a frivolous action.

Judgment affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-