Nos. 96-485 and 96-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

WALLACE E. SMALL and
ANNELL SMALL,

Plaintiffs and Respondents,

v.

H. KERRY GOOD, III, and
STACY B. GOOD,

Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District, In and for the County of
Missoula, the Honorable Douglas G. Harkin, Judge Presiding.

COUNSEL OF RECORD:

For Appellants:

Henry K. Good III, and Stacy B. Good (pro se), Swan Valley, Montana

For Respondent:

Kathleen O'Rourke-Mullins, Polson, Montana

Submitted on Briefs: June 12, 1997

Decided: August 12, 1997
Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Kerry and Stacy Good appeal from the findings, conclusions, and order of the Fourth Judicial District Court, Missoula County, quieting title to Wallace and Annell Smallþs property and awarding the Smalls attorney fees and costs. We affirm in part and reverse in part.

The Goods raise the following claims as issues on appeal:

1. The Goods no longer have access for year-round services which they enjoyed from 1979 to 1996.

2. The District Court doubted that the Goods used the road between 1980 and 1993.

3. The District Court unconstitutionally took the easement.

4. The District Court erred when it awarded attorney fees and costs.

## BACKGROUND

In 1979, Henry and Jeanne Good (Goods, Sr.) sold property located along Lindberg Lake, Missoula County, Montana, to their son, H. Kerry Good, III, and his wife, Stacy. The Goods, Sr., historically used the "brown road" to access their property. The Goods, Sr., retained an adjoining lot, which the Smalls purchased in 1980.

At about the same time, the Smalls constructed the "purple road" to access their lot. The area currently in dispute, the "red road," lies between a parking lot on the Smallsþ property and the boundary between the Smallsþ and the Goodsþ lots.

Before 1980, guests of the Goods, Sr., parked north of the red road, which resembled a wide forest path, and walked on it to access the residence of the Goods, Sr.

When the Goods, Sr., conveyed their lot to the Goods, the deed included "an easement for ingress and egress over existing roads." In 1993, the Goods began to travel over the red road and their use became noticeable to the Smalls. The Smalls sued to quiet title.

The Goods counterclaimed to quiet title and asserted as an affirmative defense that they had established an easement either by grant or prescription.

At trial, Jeanne Good testified the red road was not an existing road in 1979. The Smalls testified they never observed the Goods traveling over the red road in their vehicles before 1993. The District Court concluded that the red road did not exist as an access to the Goods' residence in 1979, and it was not conveyed to them as an easement by grant. The court also concluded that the Goods had not traveled along the red road long enough or in such a manner to establish a prescriptive easement. The court quieted title in favor of the Smalls and awarded them attorney fees and costs.

The Goods appeal.

## DISCUSSION

1. The Goods no longer have access for year-round services which they enjoyed from 1989 to 1996.

2. The District Court doubted that the Goods used the road between 1980 and 1993.

We consolidate these two issues and treat them as an argument that the District Courtþs findings are not supported by the evidence. This Court reviews a district courtþs findings of fact to determine whether they are clearly erroneous. Amerimont, Inc. v. Gannett (1996), 278 Mont. 314, 318, 924 P.2d 1326, 1329. We determine whether a finding is clearly erroneous by using the three-part test set forth in Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. The DeSaye test requires a review of the record to determine whether the findings are supported by substantial evidence; to determine whether the district court misapprehended the effect of the evidence; and to determine whether a review of the record leaves this Court with a firm conviction that a mistake has been made. DeSaye, 820 P.2d at 1287.

The Goods argue that the District Court erred because it accepted the Smallsþ version of the facts rather than their own. In nonjury trials, witness credibility and the weight of their testimony is a matter properly left to the discretion of the district court. Keebler v. Harding (1991), 247 Mont. 518, 523, 807 P.2d 1354, 1357. Jeanne Good was clear that, when the Goods, Sr., sold their property to the Goods, the conveyance included existing roads. In 1979, the red road was not an existing road.

After a thorough review of the trial record, we conclude there is sufficient evidence to support the courtþs findings and that evidence has not been misapprehended; nor do we have any conviction that a mistake has been made. We hold that the District Courtþs findings are not clearly erroneous.

3. The District Court unconstitutionally took the easement.

The Goods argue the District Court unconstitutionally took their property because the court did not find an easement in their favor. They provide no authority for their argument. An appellant carries the burden of establishing error by the trial court. Moreover, Rule 23, M.R.App.P., requires the appellant to cite authority which supports the position being advanced on appeal. The Goods have failed to do so. We decline to further address this issue on appeal.

4. Did the District Court err when it awarded attorney fees and costs?

The Goods argue that the District Courtþs award of attorney fees is beyond the scope of that allowed by law or equity. The Smalls respond that they were the prevailing party, the District Court did not abuse its discretion, and the Goods did not frame the award of attorney fees and costs as an issue for appeal.

The record reveals that the Goods raised the issue of attorney fees in their motion for a new trial. Because the issue was raised in a motion presented to and ruled on by

the District Court, we conclude that it is properly before us on appeal. See Hughes v. Blankenship (1994), 266 Mont. 150, 156, 879 P.2d 685, 688.

A. Attorney fees.

In its findings, conclusions, and order, the District Court relied on Martin v. Randono (1981), 191 Mont. 266, 623 P.2d 959, and Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, which permit a court, through its equity power, to award attorney fees to make a totally innocent party whole. After receiving an affidavit of attorney fees and costs, the District Court ordered the Goods to pay the Smalls $8,536 in attorney fees and $759 in costs.

In Randono, plaintiffs, as the party in possession of real property, sued to quiet title. The defendants prevailed on their counterclaim and requested attorney fees pursuant to 27-1-318, MCA. We affirmed the district courtþs refusal to award attorney fees stating:

We turn now to defendantsþ claim for attorney fees. The general rule is that in absence of statute or contract, attorney fees will not be awarded. Bitney v. School Dist. No. 44 (1975), 167 Mont. 129, 535 P.2d 1273; Nikles v. Barnes (1969), 153 Mont. 113, 454 P.2d 608.

Defendants contend that attorney fees should be construed as ". . . costs, if any, of recovering the possession [of real property]," pursuant to section 27-1-318, MCA, or in the alternative such fees should be awarded pursuant to the equitable principle espoused in Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114. We decline to follow either contention in this case.

The rule is well established in Montana. The statutory term "costs" does not include attorney fees. Higgins v. Montana Hotel Corp. (1979), [181 Mont. 149] 592 P.2d 930.

. . . .

As in Russell Rlty. Co., supra, this Court finds no abuse of discretion by the lower court in not awarding attorney fees to the defendants.

Randono, 623 P.2d at 962.

This Court affirmed the trial courtþs decision not to award attorney fees, emphasizing that attorney fees may be awarded only in "some isolated cases." Randono, 623 P.2d at 962. Furthermore, the Court explained that the statutory term "costs" in 27-1-318, MCA, does not include attorney fees. Randono, 623 P.2d at 962. We conclude that the District Courtþs reliance on Randono to make an equitable award of attorney fees is misguided.

In Foy, Eggan and Foy were passengers in a car driven by Gilreath and struck by Anderson. Eggan sustained minor injuries, but never presented or contemplated a claim

for damages against Anderson. Farmers Insurance Exchange, Andersonþs insurer, refused coverage and would not defend the actions which Foy and Gilreath brought against Anderson. Anderson filed a declaratory action against Farmers, its agent, the State Department of Highways, and Eggan as third parties, alleging wrongfully and without legal basis that the State and Eggan had asserted claims against him.

We held that, because Eggan asserted no claim against Anderson and was forced to hire an attorney to argue her motion to dismiss through no fault of her own, she would not be made whole without an award of attorney fees. Foy, 580 P.2d at 117. Foy is a narrow exception and applies only where the action into which the prevailing party has been forced is utterly without merit or frivolous. Goodover v. Lindeyþs Inc. (1992), 255 Mont. 430, 447, 843 P.2d 765, 776, citing State ex rel. Wilson v. Dept. of Natural Resources (1982), 199 Mont. 189, 202, 648 P.2d 766, 772.

"This Court has consistently adhered to the principle that in the absence of some special agreement between the parties or statutory authorization attorney's fees are not recoverable by the successful litigant." Nickles v. Barnes (1969), 153 Mont. 113, 119-20, 454 P.2d 608, 611-12, citing Kintner v. Harr (1965), 146 Mont. 461, 408 P.2d 487. The Smalls present neither a statutory nor a contractual basis for an award of their attorney fees. Therefore, we proceed to determine whether an exception applies.

This Court has infrequently invoked the equitable exception to the general rule which prohibits an award of attorney fees absent a contract or statute. See Foy, 580 P.2d 114; Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 48-49, 595 P.2d 360, 363; Stickney v. State, County of Missoula (1981), 195 Mont. 415, 418, 636 P.2d 860, 862. These cases share unique fact situations where a party was forced into a frivolous lawsuit and had to incur attorney fees to dismiss the claim.

The Smallsþ position as plaintiffs is entirely different from the third-party defendantþs position in Foy. The Smalls retained an attorney to commence a quiet title action against the Goods. The Smalls were not forced to hire an attorney to help them defend against wholly meritless litigation initiated by another party as in Foy. The Smalls freely chose to hire an attorney to begin a legal action against the Goods. Foy is clearly distinguishable on these facts and is not controlling here. We hold that the District Court erred in awarding attorney fees to the Smalls.

We note that in cases of egregious violation or abuse of rules or procedure, district courts possess the authority to consider appropriate sanctions. Rule 11, M.R.Civ.P., provides in relevant part:

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person

who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorneyþs fee.  [Emphasis supplied.]

Rule 54(d), M.R.Civ.P., provides courts the authority to impose costs.  It states:
Except when express provision therefor is made either in a statute of the state of Montana or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs;  . . . .

In citing these rules, we express no opinion as to their applicability to the facts of this case.  Rather, we note them as authority for a district court to impose costs and sanctions which may arise under the unique facts of a case.

B.  Costs.

The District Court ordered the Goods to pay $759 in costs associated with witnesses, copies, photographs, and filing fees.  Section 25-10-201, MCA, provides which costs a party may include in his bill of costs:

(1) the legal fees of witnesses, including mileage, or referees and other officers;

(2) the expenses of taking depositions;

(3) the legal fees for publications when publication is directed;

(4) the legal fees paid for filing and recording papers and certified copies thereof necessarily used in the action or on the trial;

(5) the legal fees paid stenographers for per diem or for copies;

(6) the reasonable expenses of printing papers for a hearing when required by a rule of court;

(7) the reasonable expenses of making a transcript for the supreme court;

(8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing; and

(9) such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.

The costs ordered by the District Court are allowable pursuant to  25-10-201, MCA.  We hold that the District Court did not err when it awarded the Smalls $759 in costs.   Affirmed on Issues 1 through 3 and the award of costs; reversed on the award of attorney fees.

/S/  J. A.  TURNAGE

We concur:

/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON
/S/  JIM REGNIER