No. 97-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 8

JOE GLICKMAN,

Plaintiff and Appellant,

v.

WHITEFISH CREDIT UNION ASSOCIATION,
MOUNTAIN BANK and DAWN REISCH,

Defendants and Respondents.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
Honorable Katherine R. Curtis, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Jackson, Richard Jackson & Associates, Whitefish, Montana

For Respondents:

George D. Goodrich, Garlington, Lohn and Robinson, Missoula,
Montana

William E. Hileman, Jr., Hedman, Hileman and Lacosta, Whitefish,
Montana

Submitted on Briefs:   November 20, 1997

Decided: January 22, 1998

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1   Appellant Joe Glickman appeals from the order of the Eleventh Judicial District
Court, Flathead County, granting the motion of Respondents, Whitefish Credit Union

Association (WCU), Mountain Bank, and Dawn Reisch, to dismiss for failure to state a claim and awarding Rule 11, M.R.Civ.P., sanctions. We affirm.

¶2 Glickman raises the following three issues on appeal:

¶3 1. Were the judgments and decrees of foreclosure in the prior lawsuits entered without or in excess of jurisdiction, thereby rendering them subject to collateral attack?

¶4 2. Did the District Court abuse its discretion when it dismissed Glickman's complaint?

¶5 3. Did the District Court abuse its discretion when it awarded Rule 11, M.R.Civ.P., sanctions?

BACKGROUND

¶6 Joe and Mary Glickman acquired two parcels of real property located in Flathead County, Montana, from Dawn and Duane Reisch by executing promissory notes to the Reisches, Mountain Bank, and WCU. The Glickmans defaulted on their obligations and two foreclosure actions, entitled Dawn H. Reisch v. Joe Glickman, Jr. et al, Flathead County Cause No. DV-95-113(B) and Whitefish Credit Union Assoc. v. Joe Glickman, Jr., et al, Flathead County Cause No. DV-95-238(A), were commenced.

¶7 In February 1996, judgments and decrees of foreclosure, subject to the right of redemption, were entered in favor of Dawn Reisch, Mountain Bank, and WCU. Glickman did not appeal either judgment. He occupied the properties when the judgments and decrees were entered and during the one-year statutory period of redemption. On March 18, 1996, and April 4, 1996, sheriff's sales were held on the properties. Sheriff's deeds were issued to Mountain Bank and WCU on March 18, 1997, and April 4, 1997.

¶8 On March 17, 1997, Glickman filed an "original petition" seeking to quiet title to the property, damages, and a declaratory judgment regarding the validity of the judgments, decrees of foreclosure, and the sheriff's sales. Respondents moved to dismiss for failure to state a claim upon which relief could be granted and for sanctions under Rule 11, M.R.Civ.P.

¶9 The District Court granted Respondents' motion to dismiss and awarded sanctions in the form of attorney fees and costs totaling $2,025 for WCU and $1,989 for Mountain Bank and Dawn Reisch. From this order, Glickman appeals.

DISCUSSION

¶10 1. Were the judgments and decrees of foreclosure in the prior lawsuits entered without or in excess of jurisdiction, thereby rendering them subject to collateral attack?

¶11 Glickman argues the district courts acted outside or in excess of their jurisdiction by decreeing that the purchaser at the sheriff's sale "be let into possession." Respondents

maintain that Glickman's present action alleges issues raised in previous proceedings and is therefore barred. Respondents also argue that this action is not appropriate to set aside a judgment under Rule 60(b), M.R.Civ.P.

¶12 A judgment entered by a court lacking subject matter jurisdiction is subject to attack at any time. Big Spring v. Blackfeet Tribe of Blackfeet, Etc. (1978), 175 Mont. 258, 264-65, 573 P.2d 655, 659. Therefore, we consider whether the District Court acted outside or in excess of its jurisdiction when it decreed that Respondents, as purchasers at the sheriff's sales, "be let into possession."

¶13 A collateral attack on a judgment is possible only if the judgment is void on its face and it appears affirmatively from the judgment roll that the court did not have jurisdiction or committed an act in excess of jurisdiction. Higgins v. Montana Hotel Corp. (1979), 181 Mont. 149, 154, 592 P.2d 930, 934.

¶14 Glickman does not provide any authority that a court of general jurisdiction may not enter a judgment in a foreclosure action. The cases he cites deal with dissimilar factual situations, such as lack of personal jurisdiction in Joseph Russell Rlty. Co. v. Kenneally (1980), 185 Mont. 496, 605 P.2d 1107, erroneous determination of heirship in Moxley v. Vaughn (1966), 148 Mont. 30, 416 P.2d 536, or determination and absence of determination of heirship, a jurisdictional prerequisite to a valid decree in In re Bellþs Estate (1958), 134 Mont. 345, 331 P.2d 517. We conclude the District Court did not act outside or in excess of its jurisdiction when it decreed that the purchasers at the sheriff's sales "be let into possession."

¶15 Glickman also contends that Rule 60(b), M.R.Civ.P., is not applicable to his case because the rule is grounded upon a valid final order or judgment. The residual clause of Rule 60(b), M.R.Civ.P., allows a party to file an independent action for relief from a final judgment or order under very limited circumstances: lack of personal notification, fraud upon the court, or an independent action for extrinsic fraud. Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 511-12, 905 P.2d 158, 162.

¶16 Glickman did not allege any of these causes of action in his "original petition." We conclude there is no basis for an independent action under the residual clause of Rule 60(b), M.R.Civ.P., for Glickman to set aside the previous judgments and decrees of foreclosure.

¶17 2. Did the District Court abuse its discretion when it dismissed Glickman's complaint?

¶18 The court's determination that Glickman's complaint failed to state a claim upon which relief could be granted is a conclusion of law. Loney, 273 Mont. at 509, 905 P.2d at 161. We review a district court's conclusions of law to determine whether its interpretation of the law is correct. Loney, 273 Mont. at 510, 905 P.2d at 161.

¶19 In evaluating a Rule 12(b)(6), M.R.Civ.P., motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff. A complaint should not be dismissed unless it appears that the plaintiff is not entitled to relief under any set of facts which could be proved in support of the claim. Boreen v. Christensen (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.

¶20 The doctrine of res judicata prevents a party from re-litigating a matter that the party has already had an opportunity to litigate. It is based on the public policy that there must be some end to litigation. A claim is res judicata when four criteria are met: the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. Loney, 273 Mont. at 510, 905 P.2d at 161 (citations omitted).

¶21 We conclude that all four elements were satisfied as between this action and the two underlying district court actions entitled Flathead County Cause No. DV-95-113(B) and Cause No. DV-95-238(A). Therefore, the doctrine of res judicata bars Glickman from litigating his present claim. We hold that the District Court did not abuse its discretion when it dismissed Glickman's complaint.

¶22 3. Did the District Court abuse its discretion when it awarded Rule 11, M.R.Civ.P., sanctions?

¶23 We review a district court's legal conclusion that the facts constitute a violation of Rule 11, M.R.Civ.P., to determine whether the court abused its discretion. D'Agostino v. Swanson (1990), 240 Mont. 435, 446, 784 P.2d 919, 926.

¶24 The District Court concluded that given the timing of the filing of this cause and the lack of any allegations that would subject the prior judgments to collateral attack, Rule 11, M.R.Civ.P., sanctions in the form of attorney fees and costs were appropriate. We agree.

¶25 Glickman did not appeal either foreclosure judgment. In Cause No. DV-95-113(B) and Cause No. DV-95-238(A), Glickman stipulated that he was entitled to possession during the statutory period of redemption. He remained in possession during the redemption period, and no one tried to remove him until that period expired. Any reasonable inquiry prior to the filing of the "original petition" would have shown Glickman and his attorney that their claims were not grounded in fact, not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that unnecessary delay and needless increase in litigation and the cost thereof would result from the claim.

¶26 We conclude the District Court did not abuse its discretion when it awarded Rule 11, M.R.Civ.P., sanctions.

¶27 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER