No. 03-794

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 109N

ALFRED CHARLES VERSCHOOT
and SANDRA MAY VERSCHOOT,

Petitioners and Appellants,

v.

MONTANA DEPARTMENT OF REVENUE,

Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV 2003-0360,
                Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Alfred Charles Verschoot and Sandra May Verschoot, Pro Se,
            Absarokee, Montana

        For Respondent:

            Stephen R. McCue, Tax Counsel, Department of Revenue, Helena, Montana

                                    Submitted on Briefs:  April 7, 2004

                                        Decided:  April 27, 2004

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law; that the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and that the court's conclusions of law are correct. The following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Alfred Charles Verschoot and Sandra May Verschoot (collectively the Verschoots) appeal the dismissal by the Yellowstone District Court of their complaint which sought to invalidate orders requiring the Verschoots to file their individual Montana income tax returns. The orders were made in two separate show cause hearings on March 12, 2002, by the District Court in Lewis and Clark County. We affirm.

¶3 The Verschoots filed an action in the Yellowstone County District Court against the Montana Department of Revenue (DOR) seeking to vacate the Lewis and Clark County District Court orders. The Verschoots claimed the orders were void for lack of subject matter jurisdiction. The DOR filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The District Court dismissed the Verschoots' petition with prejudice because the court determined it lacked

subject matter jurisdiction to vacate orders made by a different court. The court noted that any challenge to the orders should have been addressed to the judges who entered the orders.

¶4 When four criteria are met, the doctrine of res judicata bars a party from re-litigating a matter that the party has already had an opportunity to litigate. The criteria are: (1) the parties are the same; (2) the subject matter is the same; (3) the issues are the same and relate to the same subject matter; and (4) the parties' capacities are the same in reference to the issues and subject matter. *Glickman v. Whitefish Credit Union Assn.*, 1998 MT 8, ¶ 20, 287 Mont. 161, ¶ 20, 951 P.2d 1388, ¶ 20.

¶5 The requisite res judicata criteria are satisfied in this case: the parties, issues, subject matter, and capacities of the parties are all the same and have been previously adjudicated in Lewis and Clark County District Court. *Glickman*, ¶ 20. The Verschoots have failed to provide any reasoning to support their claim that the Lewis and Clark County District Court orders are void for want of subject matter jurisdiction. The doctrine of res judicata bars the re-litigation of the issues in the Yellowstone County District Court. *Glickman*, ¶ 20. The Yellowstone County District Court did not err when it dismissed the Verschoots' claim. We affirm.

/S/ W. WILLIAM LEAPHART

3

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE