No. 05-055

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 314N

DOUGLAS G. AMSDEN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA DEPARTMENT OF
PUBLIC HEALTH AND HUMAN SERVICES,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and for the County of Yellowstone, Cause No. DR 04-337,
                   The Honorable Russell Fagg, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Douglas G. Amsden (pro se), Billings, Montana

        For Respondent:

                Cary B. Lund, Special Assistant Attorney General, Department of Public
                Health and Human Services, Helena, Montana

Submitted on Briefs: November 2, 2005

Decided:  December 12, 2005

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to § I, para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reporters.

¶2 Douglas G. Amsden (Amsden) appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County. The District Court affirmed an administrative order that dismissed both Amsden's claims of discrimination and his request for a fair hearing to pursue assistance under an Individualized Plan for Employment (IPE). We affirm.

¶3 Amsden is handicapped. The Montana Department of Public Health and Human Services (DPHHS) provided Vocational Rehabilitation to Amsden in accordance with an IPE. The IPE specifically provided for the startup of Amsden's proposed business, which would engrave plastic signs.

¶4 Under the terms of the IPE, Amsden was to be self-employed by June 30, 2001. DPHHS extended this deadline to September 30, 2001. However, by August 2001, no sales had been made by Amsden's business, nor had he been able to master the use of the engraving machine. DPHHS refused to provide additional funding for Amsden's IPE after August 20, 2001.

¶5 Amsden appealed DPHHS' decision refusing to fund his IPE, and requested an administrative review. A fair hearing was held and the Hearing Officer ruled in

favor of DPHHS, concluding DPHHS' termination of the IPE was appropriate. The Administrator of DPHHS' Quality Assurance Division affirmed the Hearing Officer's decision. Amsden then filed a Petition for Judicial Review. In its Order dated November 13, 2002, the District Court affirmed DPHHS' decision.

¶6 Amsden then filed a request for another administrative fair hearing to dispute DPHHS' denial of assistance under his IPE, and also added a claim that he was discriminated against under § 49-3-203, MCA. In response, DPHHS filed a motion to dismiss. The Hearing Officer granted the motion to dismiss both claims on two grounds: (1) the DPHHS Office of Fair Hearings was an improper forum for the pursuit of a discrimination complaint arising out of the Montana Human Rights Act; and, (2) the renewed claim for IPE funding did not present a contested case since Amsden's claim was barred by *res judicata*.

¶7 Following the dismissal by the Hearing Officer, Amsden appealed to the District Court. The District Court affirmed the Hearing Officer's dismissal. Amsden now appeals to this Court.

¶8 The Court has determined to decide this case pursuant to § 1, para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶9 Amsden argues the District Court erred in affirming the Hearing Officer's dismissal of his discrimination claims. However, a hearing may be dismissed when "the department does not have jurisdiction over the subject matter of the

3

appeal procedure." Rule 37.5.313(e), ARM. Amsden's allegations of discrimination fall under the Human Rights Act, specifically § 49-3-203, MCA, pertaining to "[a]ll educational, counseling, and vocational guidance programs and all apprenticeship and on-the-job training programs of state and local governmental agencies[.]" The Montana Human Rights Act requires that a complaint be filed with the Department of Labor and Industry for such discriminatory practices. Sections 49-2-501(1), 49-2-509(7), MCA; *Harrison v. Chance* (1990), 244 Mont. 215, 220, 797 P.2d 200, 203. Thus, jurisdiction over such discrimination cases rests exclusively with the Montana Human Rights Commission, and the Hearing Officer properly dismissed Amsden's discrimination claim for lack of subject matter jurisdiction.

¶10 The next issue on appeal is whether Amsden's request for a fair hearing was properly barred by *res judicata*. A party is barred from re-litigating a matter that the party has already had the opportunity to litigate. *Glickman v. Whitefish Credit Union Assoc.* (1998), 287 Mont. 161, 166, 951 P.2d 1388, 1391. The doctrine of *res judicata* applies when four criteria are met: the parties are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. *Glickman*, 287 Mont. at 166, 951 P.2d at 1391.

¶11 The issues raised by Amsden, regarding economic and technology assistance under the IPE, were previously litigated, resulting in a Fair Hearing

4

Decision in favor of DPHHS, issued January 25, 2002. Therefore, further litigation on this matter is barred by *res judicata*. As such, Amsden has failed to show an "adverse action," as defined under Rule 37.30.1401(2), ARM. His request for a fair hearing was properly dismissed under Rule 37.5.313(f), ARM.

¶12    Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS