FILED

June 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0184

DA 14-0184

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 156N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

RAYMOND CARPENTER, JR.

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-12-120
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Raymond Carpenter, Jr., self-represented, Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General Helena, Montana

      Scott Twito, Yellowstone County Attorney, Julie Pierce, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  May 6, 2015
Decided:  June 2, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Raymond Carpenter, Jr. (Carpenter) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion to withdraw his guilty plea. We affirm. The dispositive issue on appeal is whether Carpenter's motion to withdraw his guilty plea was time-barred.

¶3 On May 21, 2012, Carpenter entered into a plea agreement with the State in which he agreed to plead guilty to tampering with witnesses and informants. The District Court sentenced Carpenter to the Montana State Prison for a term of 10 years with 2 years suspended. The court designated Carpenter as a Persistent Felony Offender for sentencing under § 46-18-501 and § 46-18-502, MCA. On August 27, 2012, the court entered its final judgment. On February 6, 2014, Carpenter filed a motion to withdraw his guilty plea. The District Court denied Carpenter's motion, concluding the motion was untimely. The court noted "the Defendant is not claiming he is innocent but he does think his sentence was excessive."

¶4 On appeal, Carpenter does not address the court's conclusion that his motion was untimely. Instead, Carpenter challenges, for the first time on appeal, the constitutionality

of the Persistent Felony Offender Statute, § 46-18-501, MCA. It is a well settled principle of law that the "appellant carries the burden of establishing error by the trial court." *State v. Carter*, 285 Mont. 449, 461, 948 P.2d 1173, 1180 (1997); accord *Small v. Good*, 284 Mont. 159, 163, 943 P.2d 1258, 1260 (1997). It is also "well established that we do not consider new arguments or legal theories for the first time on appeal." *Pilgeram v. Greenpoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 20, 373 Mont. 1, 313 P.3d 839.

¶5 Section 46-16-105(2), MCA, limits the time that a court may permit withdrawal of a guilty plea to "within 1 year after judgment becomes final," unless a "claim of innocence is supported by evidence of a fundamental miscarriage of justice . . . ." For purposes of § 46-16-105(2), MCA, a judgment becomes final "when the time for appeal to the Montana supreme court expires[.]" Section 46-16-105(2)(a), MCA. In a criminal case, an appeal to this Court must be made within 60 days of entry of the final judgment. M. R. App. P. 4(5)(b).

¶6 Carpenter did not allege a claim of innocence before the District Court, nor does he attempt to raise such a claim on appeal. Therefore, pursuant to § 46-16-105(2), MCA, Carpenter had until October 26, 2013, to file a motion to withdraw his plea. Accordingly, the District Court did not err by concluding the motion was time-barred.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER