GALBREATH, Appellant, v. ARMSTRONG, SHERIFF, Respondent.

No. 8800.

Submitted April 7, 1948. Decided May 10, 1948.

193 Pac. (2d) 630.

Mr. S. J. Rigney, of Cut Bank, and Mr. Cedor B. Aronow, of Shelby, for appellant. Both argued the cause orally.

Messrs. Murrills & Frisbee, of Cut Bank, and Mr. W. R. Mc-Donald, of Browning, for respondent. Mr. Lloyd Murrills and Mr. Selden S. Frisbee argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the court.

This is an action by Dexter Galbreath, plaintiff and appellant, for the conversion of 76 head of horses allegedly owned by the plaintiff and seized and sold at a sheriff's sale by the defendant sheriff.

The case is before this court for the second time. The first trial resulted in a verdict for the plaintiff. On appeal the cause

was reversed and remanded for a new trial. Galbreath v. Armstrong, Mont., 167 Pac. (2d) 337.

At the second trial the plaintiff had judgment for $1,960, which was subsequently modified to $1,775 by order of the trial court. The modification was accepted by the plaintiff. As modified, the judgment calls for $1,625 as the actual value of the property converted, $150 for time and money expended in pursuit of the property, together with interest on both sums at the rate of 6% per annum from February 1, 1941 (the date of the conversion), and costs and disbursements in the sum of $338.10.

The defendant claimed as a set-off his costs incurred on the previous appeal in the amount of $1,540.40 and interest. Accordingly the defendant tendered $482.70 in full satisfaction of the judgment. This sum was arrived at by the following computation.

| | | |
|---|---:|---:|
| Damages as awarded by modified judgment | | $1,775.00 |
| Interest at 6% from date of verdict to day of tender | | 14.21 |
| Costs of previous trial | | 338.10 |
| | | |
| Total due plaintiff | | $2,137.31 |
| Less appeal costs | $1,540.40 | |
| Interest | 104.21 | |
| | | |
| | $1,644.61 | 1,644.61 |
| | | |
| Amount tendered | | 482.70 |

This tender was refused. Thereupon the defendants filed a motion to compel satisfaction of the judgment which was served upon the plaintiff and his attorneys and noticed for hearing. The plaintiff filed objections to the motion, in which he alleged that:

1. The court had no jurisdiction for the reason that the motion was insufficient.

2. The amount tendered did not include interest on the value of the property converted from the date of conversion to the date of verdict.

3. Compelling the plaintiff to satisfy the judgment for the sum of $482.70 would defeat the lien of the plaintiff's attorneys by deducting the costs of the appeal to the Supreme Court after the first trial of the action.

These objections were overruled and the court ordered the plaintiff, his assignee and his attorneys to satisfy the judgment for the sum of $482.70. This appeal is from that order.

The order is a special order made after final judgment affecting the rights of a party to the action and growing out of the judgment previously entered. It is therefore an appealable order. Sec. 9731, Rev. Codes of Montana 1935; Apple v. Seaver, 70 Mont. 65, 223 Pac. 830; Weed v. Weed, 55 Mont. 599, 179 Pac. 827; Herrick v. Wallace, 114 Or. 520, 236 Pac. 471.

Section 9414, Revised Codes 1935, prescribes the method of satisfying a judgment: "Satisfaction of a judgment may be entered in the clerk's docket upon an execution returned satisfied, or upon an acknowledgment of satisfaction filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property, by the judgment creditor, or by his indorsement on the face, or on the margin of the record of the judgment, or by his attorney, unless a revocation of his authority is filed. Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment, or make such indorsement, and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it."

The court, upon motion, may compel the satisfaction "whenever a judgment is satisfied in fact." Until a judgment is in fact satisfied the court has no authority to compel an acknowledgment of satisfaction or indorsement on the face of the judgment or on the margin of the record of judgment.

Satisfaction of a judgment means the payment of the money due on the judgment, and the entry of record of the payment in one of the ways prescribed by section 9414, Revised Codes 1935. "Satisfaction in fact" means payment of the judgment without the entry of record of such payment. Therefore

when a judgment has actually been paid, the paying party may move the court to compel the entry of record of the fact of payment. In the instant case the judgment debtor tendered the payment and the tender was refused. A tender of satisfaction is not the same as satisfaction. Prest v. Cole, 183 Mass. 283, 67 N. E. 246, 248. The judgment debtor then paid the money into court. This is not the method prescribed by statute for the payment of a pecuniary obligation. In order to extinguish the debt, after tender the money must be deposited in the name of the creditor in a bank within the state and notice thereof given the creditor. Sec. 7446, Rev. Codes 1935. The deposit of money in court is governed by sections 9308-9310, Revised Codes 1935. Section 9308 prescribes the conditions under which the deposit may be made, none of which is present here, and further provides that such deposit be made upon order of the court after motion for order directing deposit in court. No such motion was made by the judgment debtor and the record reveals no order of the court directing deposit in court of the sum tendered.

Accordingly the tender and the subsequent payment into court was not "satisfaction in fact" of the judgment and the court was without authority to act on defendant's motion to compel satisfaction of the judgment.

Heretofore we have treated the case as if the tender was of the full amount of the judgment. But the judgment as modified called for the sum of $1,625, actual value of the property converted "and the further sum of One Hundred Fifty Dollars ($150.00) for special damages for time and money expended in pursuit of plaintiff's property, together with interest on said foregoing sums at the rate of six percent (6%) per annum from February 1, 1941 until paid."

The measure of damages for the conversion of personal property is set forth in section 8689, Revised Codes of 1935, as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of its conversion,

with the interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"2. A fair compensation for the time and money properly expended in pursuit of the property."

The plaintiff elected to accept the value of the property at the time of its conversion with interest from that time.

The counsel for the defendant insists that no interest is due before entry of judgment. In this contention he relies on section 8662, Revised Codes of 1935, providing: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt."

The plaintiff sued for the conversion of 76 horses, of an alleged value of $13,890, and special damages of $3,500 and exemplary damages of $2,500. The recovery was for 28 horses of a total value of $1,775, with special damages of $150, and no exemplary damages. It is therefore counsel's contention that the damages were not certain or capable of being made certain and therefore no interest is recoverable.

"Interest is a creature of statute * * * and we must look to the applicable statutes for the authority to award interest and the time from which it shall be computed." Eskestrand v. Wunder, 94 Mont. 57, 65, 20 Pac. (2d) 622, 624.

Under our statutes every person who suffers a detriment as a result of the unlawful act of another is entitled to be compensated therefor in money. Secs. 8659 and 8660, Rev. Codes 1935; Chesnut v. Sales, 49 Mont. 318, 324, 141 Pac. 986, 52 L. R. A., N. S., 1199, Ann. Cas. 1916A, 620. For the detriment caused by a wrongful conversion the statute has specifically provided for interest from the date of conversion as a part of the compensation. Interest on the value of the property converted

is the statutory method of compensating the injured party for the use of his property of which he was deprived by the tortious act of the trespasser. Lynch v. McGahn, 7 Cal. App. 132, 93 Pac. 1044. The fact that the legislature has provided a different measure of damages for the detriment resulting from other unlawful acts or from failure of another to act when he has a duty to do so, does not alter the statutory damages for conversion. When damages are certain or capable of being made certain by calculation, then interest is recoverable under the provisions of section 8662, Revised Codes of 1935, whether the detriment resulted from an omission to act or an unlawful act. But when the unlawful act is a conversion of personal property, and the plaintiff elects to accept the value of the property at the time of conversion, then interest is allowed on that value from the date of conversion even though the value of the property is in dispute or the amount of property converted has to be determined by the court or jury. Petersen v. Lyders, 139 Cal. App. 307, 33 Pac. (2d) 1032; First Nat. Bank v. Crown Transfer & Storage Co., 89 Cal. App. 243, 264 Pac. 534.

The allowance of interest on the property from the date of conversion was proper under the plaintiff's election and the court erred in ordering the plaintiff to satisfy the judgment for an amount that did not include such interest.

But the judgment in calling for interest "on each of said foregoing sums" would also allow interest from the date of conversion on the special damages of $150 for time and money expended in pursuit of plaintiff's property. Section 8689, Revised Codes of 1935, allows interest only on "the value of the property at the time of its conversion." Therefore interest could only be collected on the sum of $1,625 and interest on the $150 special damages would be assessed after verdict under the provisions of section 7729, Revised Codes of 1935.

Costs allowed on the first appeal amounted to $1,540.40. The defendant filed his memorandum of costs prior to the trial. In his order to compel satisfaction of the judgment the trial judge allowed a set-off of the costs incurred in the first appeal. Im-

mediately after the entry of judgment the attorneys for the plaintiff filed a notice of their claim to a lien "upon and against the verdict, report, decision or judgment against the defendant." The question, then, is whether the set-off for costs incurred in the first appeal is to be allowed ahead of the attorneys' lien for professional services or whether the attorneys' lien is superior.

Section 8993, Revised Codes of Montana 1935, is the statute providing for an attorney's lien. It grants to an attorney a lien "from the commencement of an action" upon the "client's cause of action * * * which attaches to a verdict, report, decision, or judgment in his client's favor."

Under this section there is no need to file a notice of lien. The commencement of an action or the service of an answer containing a counterclaim is sufficient notice of the lien of the attorney. Marvin v. Marvin, City Ct., 19 N. Y. S. 371; Vrooman v. Pickering, 25 Misc. 277, 54 N. Y. S. 389; Santi Peri v. New York Cent. & H. R. R. R. Co., 87 Hun., N. Y. 499, 34 N. Y. S. 1009.

The attorney is given by statute a first and prior lien on his client's cause of action (Hardware Mutual Casualty Co. v. Butler, 116 Mont. 73, 148 Pac. (2d) 563) and the statute is a remedial one and should be construed to secure and protect the rights of attorneys and furnish them secuity for the efforts they have expended. Baker v. Tullock, 106 Mont. 375, 77 Pac. (2d) 1035. The lien operates as an equitable assignment of the judgment or funds produced by the effort of the attorney. Coombe v. Knox, 28 Mont. 202, 72 Pac. 641.

The general rule is that while an attorney's lien is subordinate to the rights of the adverse party to offset judgments in the same actions or in actions based on the same actions or in actions based on the same transaction, it is nevertheless superior to any right to offset judgments obtained in wholly independent actions. 2 Freeman, Judgments, 5th Ed., sec. 1148.

The lien is upon the cause of action. " 'A cause of action is the right which a party has to institute a judicial proceeding. Meyer v. Van Collem, 28 Barb., N. Y., 230. As applied

to a tort, it is composed of the right of the plaintiff and the wrong of the defendant (Veeder v. Baker, 83 N. Y. 156), and the wrong of the defendant is the infringement of plaintiff's right. Atchison, T. & S. F. R. Co. v. Rice, 36 Kan. 593, 14 Pac. 229. To constitute a cause of action for a tort, then, the plaintiff's right must have been infringed by the wrongful act of the defendant, with the result that plaintiff suffered damages.' '' Dillon v. Great Northern Railway Co., 38 Mont. 485, 100 Pac. 960, quoted in Bergin v. Temple, 111 Mont. 539, 111 Pac. (2d) 286, 289, 133 A. L. R. 1115.

The lien then is upon the amount recovered by the plaintiff for the unlawful conversion. of the plaintiff's horses. The lien attaches ''to a verdict, report, decision or judgment'' in the client's favor. Clearly under the terms of the statute a set-off from another cause of action would not affect the attorney's lien. But here the costs sought to be set off arose in the course of the proceedings which ultimately resulted in this verdict and judgment for the plaintiff.

The value of the cause of action to the client was the amount realized on the judgment, less the sum paid by the client to his adversary for costs accrued in proceedings arising in the course of the litigation. The amount realized was the verdict less the costs of the former appeal. This is the amount the attorney earned for his client and this is the amount upon which he has a lien.

The trial court properly held that the attorney's lien for unpaid compensation was not superior to the adverse party's claim for costs accruing as a part of the litigation on the cause of action.

This analysis of the Montana statute is in accord with the general rule. Beecher v. Peter A. Vogt Mfg. Co., 227 N. Y. 468, 125 N. E. 831; Perkins v. Guaranty Trust Co., 256 App. Div. 251, 9 N. Y. S. (2d) 529.

The order compelling the appellants to satisfy the judgment herein is void and of no effect. The district court is directed to set it aside. Costs to be paid by the respondent.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson and Angstman concur.