No. 84-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

AAR CONSTRUCTION, INC.,

Plaintiff and Appellant,

-vs-

FERGUS ELECTRIC COOPERATIVE,
INC., et al.,

Defendants and Respondents.

---

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Clary & Clary, Great Falls, Montana

For Respondents:

Ken Tolliver; Wright, Tolliver & Guthals, Billings,
Montana

---

Submitted on Briefs: Dec. 27, 1984

Decided: February 15, 1985

Filed: FEB 15 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

AAR Construction, Inc., appeals from an order of the District Court, Tenth Judicial District, Fergus County, dated August 31, 1984, allowing C. E. Rookhuizen a set-off of $5,823.83 against a judgment theretofore granted by the District Court in favor of AAR Construction, Inc. and against C. E. Rookhuizen.

AAR also appeals from the order of the District Court of the same date allowing AAR the sum of $1,000 additional attorney fees.

AAR's appeal raises two issues:

1. Did the District Court have jurisdiction to grant a set-off against the judgment in this case?

2. Did the District Court abuse its discretion by awarding AAR attorney fees of only $1,000?

On consideration of the issues, we affirm the District Court.

C. E. Rookhuizen of Billings, Montana, was the general contractor for the construction of the Fergus Electric Co-operative office and warehouse in Lewistown, Montana. AAR Construction, Inc., was a subcontractor to Rookhuizen on the job. A dispute arose between the general contractor and the subcontractor as to sums claimed by the subcontractor for the original contract and extras performed by the subcontractor, and for credits claimed by the general contractor for work allegedly done by the general contractor that should have been done by the subcontractor. The parties were unable to resolve their differences and the case was tried and judgment

entered on September 8, 1983, which resulted in C. E. Rookhuizen being obligated to pay AAR a judgment of $13,319.

During the course of construction, the subcontractor, AAR, failed to make payments to unions for fringe benefits due its workers and also failed to make payments to the Internal Revenue Service of withholdings from the workers. The failure to make the union payments resulted in both AAR Construction and Rookhuizen being sued by Audit Services, Inc., for the collection of those unpaid fringe benefit costs. The Internal Revenue Service served notice of levy upon AAR, Rookhuizen, and their counsel for claimed unpaid tax payments owed by AAR. The notice of levy was served prior to any judgment being entered either in this case or the case brought by Audit Services, Inc., to recover the sums due under the union agreements.

Regarding the union fringe benefit payments, AAR was primarily liable for the payments because they applied to AAR's workers, but Rookhuizen was secondarily liable if AAR did not pay by virtue of § 39-3-706, MCA. In the cause brought by AAR against Rookhuizen the parties entered into a stipulation signed by their counsel and set forth in the pretrial order in that cause which recited:

> "It is stipulated between the parties that AAR Construction, Inc., has not made payments to the Intermountain Ironworkers' Trust, Intermountain Ironworkers' Pension Trust, and the Intermountain Ironworkers' Training Trust. By reason of AAR's failure to make payments, a claim has been advanced by Audit Services, Inc., the assignee of the Trust, against C. E. Rookhuizen in the amount $5,047.25. It is further stipulated that any sums actually paid by C. E. Rookhuizen by reason of the claim of the aforementioned trusts as set forth in Cause No. DV-82-775 [the number of the case in the Yellowstone County District Court] or in settlement thereof, in full

3

> or in part, shall be credited against any
> judgment in this case by AAR
> Construction, Inc., against C. E.
> Rookhuizen."

In this case, the District Court in Fergus County made findings of fact and conclusions of law on September 8, 1983. In finding of fact no. 21, the district judge referred to the failure of AAR to make the payments to the union trust funds and that the fact of nonpayment was agreed upon by both of the parties. The court in conclusion of law no. 11 determined that Rookhuizen was not entitled to reimbursement at that time because of lack of evidence of AAR's liability therefor and Rookhuizen's liability therefor. On September 8, 1983, the court also entered judgment in the matter, in favor of AAR and against Rookhuizen in the net amount of $13,319.22, the court having allowed set-offs to Rookhuizen for certain sums under the contract.

Audit Services, Inc., obtained a judgment in the Yellowstone County District Court case against Rookhuizen on April 19, 1984, as a result of which Rookhuizen eventually made payment to Audit Services for a total of $5,823.83. On such payment Audit Services' judgment against Rookhuizen and AAR was satisfied in the Yellowstone County District Court.

In the meantime, Rookhuizen had appealed the judgment against him in favor of AAR entered in the Fergus County District Court to the Montana Supreme Court. He did nothing further to perfect his appeal and, after failing to meet deadlines given by this Court to proceed with appeal, in May of 1984 he advised the Montana Supreme Court that he did not wish to proceed with the appeal and the appeal was dismissed with prejudice. Rookhuizen thereafter attempted to bring an interpleader action in the Yellowstone County District Court

4

to determine which of various creditors of AAR were entitled to funds held by C. E. Rookhuizen. Apparently that action aborted.

With the dismissal of the appeal to the Montana Supreme Court, the judgment against Rookhuizen in the Fergus County District Court had become final. Nonetheless, on June 14, 1984, Rookhuizen filed a verified motion for an order granting set-off of the amount paid by Rookhuizen to Audit Services against the judgment in favor of AAR.

The District Court held a telephone conference on the motion on June 28, 1984. The minutes of the court reflect that the telephone conference was held on that date and that the motion was denied. On July 13, 1984, Rookhuizen filed a verified motion for reconsideration of its motion for set-off. The District Court ordered a hearing on the motion for reconsideration on July 30, 1984, and on August 31, 1984, the court signed its order, filed September 4, 1984, granting Rookhuizen set-off against the AAR judgment. The court also ordered the payment of $1,000 in attorney fees by Rookhuizen to AAR.

In making its order of August 31, 1984, the District Court said:

> "The parties had stipulated before trial that any sums paid by Defendant on the Union Trust account would be credited against a judgment by Plaintiff against Defendant. That stipulation is not expressly limited to, nor does it require, payments made before judgment herein, of which there were none, and there appears to be no compelling reason for so interpreting that Stipulation. The Plaintiff will suffer no detriment by not doing so.
>
> "The plain fact of this case is that the Plaintiff has received the full benefit of Defendant's payment to Audit Services: it got one of its debts paid, a debt for

5

the payment of which the creditor has security, a lien on this Court's judgment. That the debt to Audit Services may not have had priority as against the IRS is not AAR's problem. That debt got paid and the Plaintiff is not entitled to double payment of that sum.

"The Defendant's motion is in the nature of a Motion for the court to declare that the judgment herein has been partially satisfied by its payment to Audit Services. Upon reconsideration of its previous Order, the Court agrees; the judgment has been partially so satisfied.

"This was not a Rule 60 motion; there was no mistake, no error, in the judgment to be corrected. This Motion stands on the judgment as it is, as does this Order. The time constraints in Rules 59 and 60 do not apply. This court therefore has jurisdiction to act herein by declaring that the judgment has been partially satisfied by and in the amount of Defendant's payment of $5,823.82."

The written stipulation of AAR, through its counsel, is binding upon AAR. An attorney has authority to bind his client in any steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court. Section 37-61-401(a), MCA. Although an attorney does not have authority to compromise a controversy of his client, Harris v. Root (1903), 28 Mont. 159, 72 P. 429, the stipulation here did not involve a compromise. The full amount of AAR's responsibility to the union trust funds was determined by the District Court. Rookhuizen's liability in that judgment was because of his secondary position with respect to the union fringe benefit payments. Rookhuizen has a right of indemnity for any payments made by him to satisfy the judgment which was primarily the responsibility of AAR. Section 28-11-301, MCA; Miller v. Melaney (1977), 172 Mont. 74, 560 P.2d 902.

6

Here, AAR had stipulated that any judgment it recovered against Rookhuizen would be credited to the extent that Rookhuizen paid Audit Services, Inc. After the judgment had become final, the only form the credit could take was that adopted by the District Court, a partial satisfaction of the judgment AAR held against Rookhuizen. When a judgment is partially satisfied in fact, or when, by agreement of the parties a judgment debtor is entitled to a credit against a judgment, it is proper to apply the following provision of § 25-9-311, MCA:

> ". . . Whenever a judgment is satisfied in fact otherwise than upon an execution, the party or attorney must give such acknowledgement or make such endorsement, and upon motion, the court may compel it or may order the entry of satisfaction to be made without it."

The order of the District Court shows that the District Court merely held AAR to the stipulation entered into on its behalf through its counsel and the method employed by the District Court in ordering a partial satisfaction of the judgment held by AAR against Rookhuizen was proper. See, Galbreath v. Armstrong (1948), 121 Mont. 387, 193 P.2d 630.

The District Court was correct in stating that neither Rules 59 nor 60, M.R.Civ.P. apply to the proceedings in this case with respect to the satisfaction of a judgment.

But AAR also complains that the motion for reconsideration was filed too late by Rookhuizen and therefore the District Court lost jurisdiction to enter the order granting partial satisfaction of the judgment.

In this case the District Court denied the motion for set-off on June 28, 1984. On July 13, Rookhuizen filed his verified motion for reconsideration. Thus fifteen days elapsed between the date that the court denied the first

motion and Rookhuizen filed his motion for reconsideration. Whether we regard the motion to reconsider in this case a motion to amend the court's judgment under Rule 52(b), M.R.Civ.P., a motion for new trial under Rule 59(b), M.R.Civ.P. or a motion for relief under Rule 60, M.R.Civ.P. each rule requires that the motion be made within ten days from the notice of entry of judgment. Under Rule 77(d), M.R.Civ.P., it is the duty of the clerk of the district court, immediately upon the entry of an order or judgment, to give notice of the entry by mail in the manner provided for in Rule 5, M.R.Civ.P., upon each party who is not in default for failure to appear. In this case no notice of entry of the order by mail was served upon the parties. Therefore, the time for filing the motion for reconsideration by Rookhuizen had not commenced to run, and his motion for reconsideration was timely under the rules. To the same effect, see Matter of Estate of Holmes (1979), 183 Mont. 290, 295, 599 P.2d 344, 347. (Note: The time limits for such motions have been amended since the appeal in this case. We apply the rules here as they existed at the time that the District Court acted.)

The next principal issue raised by AAR is that the District Court erred in only awarding $1,000 in attorney fees for the post-judgment work done by AAR's attorneys.

The affidavit of AAR's attorney for additional fees indicated he had spent more than seventy-five hours since the entry of judgment and that his normal billing rate was $75 per hour. He also alleged he had incurred various additional expenses of $400. He requested additional attorney fees of $5,000 and expenses of $400 with interest at the rate of

8

$2.80 per day from the date of the levy of writ of execution against the Fergus County Electric Co-op.

The District Court found that a significant portion of the services provided by AAR's counsel appeared to have been in settlement negotiations, and other services were spent in trying to effect the collection of AAR's judgment. The District Court recognized that a considerable amount of unnecessary work was required by Rookhuizen's uncertainty in whether or not to appeal and to follow the rules of procedure closely. Accordingly, the court awarded $1,000 in attorney fees as a reasonable amount and $400 for expenses.

The amount fixed as attorney fees by a court is largely discretionary and we will not disturb its judgment in the absence of an abuse of its discretion. Carkeek v. Ayer (Mont. 1980), 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1276. In determining whether the trial court abused its discretion, we look to the record to determine if the trial court, in the exercise of its discretion, acted arbitrarily without the employment of conscientious judgment or by exceeding the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice. Porter v. Porter (1970), 155 Mont. 451, 457, 473 P.2d 538, 541.

It appears here that the District Court considered the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation, the professional skill and experience called for, and the other circumstances set forth by us in First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 430, 547 P.2d 1328, 1332. We find no abuse of the

9

court's discretion in the award of attorney fees in this case.

Affirmed.

_____
                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

10