No. 03-829

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 105

CLIFF GULLETT,

       Plaintiff and Appellant,

    v.

VAN DYKE CONSTRUCTION COMPANY,
formerly known as Van Dyke Irrigation Service,
Inc., LAWRENCE VAN DYKE and BERNA
VAN DYKE,

       Defendants, Respondents and Cross-Appellants,

    and

AMERICAN LAND TITLE COMPANY,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 99-416,
                 Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Kenneth D. Peterson, Peterson and Schofield, Billings, Montana

       For Respondents:

              Robert K. Baldwin, Goetz, Gallik & Baldwin, P.C., Bozeman,
              Montana  (Van Dykes)

              J. Robert Planalp, Landoe, Brown, Planalp, Braaksma, & Reida, P.C.,
              Bozeman, Montana (ALTC)

                           Submitted on Briefs:  July 14, 2004
                                 Decided:  April 26, 2005

Filed:

_____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Cliff Gullett (Gullett) appeals from the order of the Eighteenth Judicial District Court, Gallatin County, which granted summary judgment in favor of Van Dyke Construction Company and Lawrence and Berna Van Dyke (collectively, the Van Dykes), and the American Land Title Company (ALTC). Gullett also appeals an order of the District Court which granted him attorney fees and costs. The Van Dykes cross-appeal the order of the District Court which denied their motion to compel entry of partial satisfaction of judgment. We affirm in part, reverse in part, and remand for further proceedings.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err in granting summary judgment to the Van Dykes on the grounds that Gullett could not sue for profits lost to his corporation, and to ALTC on the grounds that there was no contract between the parties?

¶4 2. Did the District Court err in its order granting attorney fees and costs to Gullett?

¶5 3. Did the District Court err in denying the Van Dykes' motion to compel entry of partial satisfaction of judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 Gullett entered into a Buy/Sell agreement with the Van Dykes to purchase certain real property situated in Gallatin County, Montana. Gullett delivered to American Land Title Company (ALTC) a check in the amount of $10,000, made payable to Larry Van Dyke, and drawn on the account of C.W. Performance, Inc., d/b/a Bozeman Motor Sports. These funds

2

were an earnest money payment toward the purchase. Gullett expected that ALTC would hold the check in escrow; instead, ALTC released it to the Van Dykes.

¶7 The agreement failed before the real property was transferred. When the Van Dykes refused to return Gullett's earnest money, he filed a complaint, seeking the $10,000 together with lost profits which he alleged his business had suffered by lack of those funds. Gullett's complaint claimed similar damages from ALTC due to ALTC's alleged breach of an escrow agreement. C.W. Performance, Inc., was not itself a party to the suit.

¶8 By order dated February 8, 2002, the District Court granted the Van Dykes' motion for summary judgment on Gullett's claim for lost profits, ruling that C.W. Performance, Inc., not Gullett, was the real party in interest. The court also granted ALTC's motion for summary judgment, holding that there was no escrow or agreement which imposed a duty on ALTC. Gullett appeals from these orders.

¶9 The remaining issue–whether the Van Dykes were liable to Gullett for return of the $10,000 of earnest money–was tried to a jury, and judgment was entered in Gullett's favor. No party has appealed from that judgment. After hearing, by order dated August 13, 2003, the District Court awarded Gullett costs and attorney fees in a lesser amount than he had sought. Gullett also appeals from this order.

¶10 Following trial, the Van Dykes paid the $10,000 awarded by the judgment, and interest thereon, to Gullett. They moved the District Court to compel entry of a partial satisfaction of judgment for this payment. Gullett opposed the motion, arguing that the

3

unresolved issue of attorney fees and costs prohibited entry of a partial satisfaction of judgment. The District Court denied the motion, and Van Dykes cross-appeal therefrom.

## STANDARD OF REVIEW

¶11 Our standard of review on appeal from summary judgment is *de novo*, and we apply the same criteria as the district court, based upon Rule 56, M.R.Civ.P. *Fisch v. Montana Rail Link, Inc.,* 2003 MT 76, ¶ 6, 315 Mont. 13, ¶ 6, 67 P.3d 267, ¶ 6. We set forth our inquiry for summary judgment in *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903, as follows:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred. [Citations omitted.]

¶12 Our standard of review of a trial court's order granting or denying attorney fees and costs is whether the court abused its discretion. *Lewistown Propane Co. v. Moncur,* 2002 MT 349, ¶ 19, 313 Mont. 368, ¶ 19, 61 P.3d 780, ¶ 19.

## DISCUSSION

¶13 ***1. Did the District Court err in granting summary judgment to the Van Dykes and ALTC on the grounds that Gullett could not sue for profits lost to his corporation?***

¶14 The general rule is that shareholders may not sue upon a cause of action belonging to their corporation. *First Security Bank of Glendive v. Gary* (1990), 245 Mont. 394, 402,

4

798 P.2d 523, 528; *Malcom v. Stondall Land and Investment Co.* (1955), 129 Mont. 142, 145-46, 284 P.2d 258, 260. Gullett claims that ALTC's forwarding of the $10,000 earnest-money check to the Van Dykes, and the Van Dykes' refusal to return the money, deprived the corporation of capital which it would have used to generate revenue. This is a claim which properly belongs to the corporation itself, not to Gullett. *Richland Nat'l Bank and Trust v. Swenson* (1991), 249 Mont. 410, 816 P.2d 1045.

¶15 Gullett argues, however, that because C.W. Performance, Inc., is an S corporation, it does not afford him the liability protections traditionally associated with the corporate entity, and he therefore should not be barred from claiming lost profits on the corporation's behalf.

¶16 However, Gullett's characterization of S corporations is erroneous. "As a matter of substantive corporate law, an S corporation is organized and operated as any other corporation. The *only* difference between S corporations and other corporations is that S corporations receive special treatment for federal income tax purposes." 14A Fletcher Cyc. Corp. §6970.191 (Perm. Ed. 2000) (emphasis added).

¶17 In *Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel* (4th Cir.1994), 20 F.3d 1311, the Fourth Circuit held that the sole shareholder lacked standing to sue for loss of revenue and earnings to the corporation notwithstanding its subchapter S election.

> Finally, the fact that Smith Setzer is a "subchapter S" corporation is of no matter. . . . While an S corporation is treated differently for taxation purposes, it remains a corporation in all other ways, and it and its shareholders are

separate entities. This being the case, [the plaintiff] lacks standing to assert this claim.

*Smith Setzer*, 20 F.3d at 1318; *see also Kirby v. Coastal Sales Ass'n, Inc.* (S.D. N.Y. 2000), 82 F.Supp.2d 193, 198 n.1 (individual shareholder lacked standing to sue despite the corporation's subchapter S status); *Green v. Bradley Construction, Inc.* (Ala. 1983), 431 So.2d 1226 (shareholder must bring claim derivatively notwithstanding shareholder's argument that due to corporation's subchapter S status the net income accrued to him).

¶18     We hold, therefore, that the District Court did not err in granting summary judgment to the Van Dykes on the grounds that C.W. Performance, Inc., not Gullett, was the real party in interest on the claim for profits lost to the corporation.  Further, resolution of Gullett's damage claim moots Gullett's appeal from the District Court's entry of summary judgment in favor of ALTC, and we need not address the contract grounds on which the District Court held in ALTC's favor.

¶19     ***2. Did the District Court err in its order granting attorney fees and costs to Gullett?***

¶20     Each party to a lawsuit generally pays its own costs and attorney fees. *Thompkins v. Fuller* (1983), 205 Mont. 168, 186, 667 P.2d 944, 954. Where the parties have previously agreed upon a different arrangement regarding costs and fees, however, such contractual provisions will govern. *Matter of Estate of Dern Family Trust* (1996), 279 Mont. 138, 154, 928 P.2d 123, 133.

¶21     The contract entered into by Gullett and the Van Dykes included the following provision:

ATTORNEY FEES: In any action brought by the Buyer or the Seller to enforce any of the terms of this agreement, the prevailing party in such action shall be entitled to actual costs and such reasonable attorney fees as the court or arbitrator shall determine just.

¶22 Following the trial, Gullett sought an award of attorney fees in the amount of $30,266, and an award of costs in the sum of $7,408.15. The District Court began by deducting those fees and costs related to claims on which Gullett had not prevailed, reducing Gullett's request for that reason to $20,221.33 in fees and $4,491.97 in costs. The District Court then further reasoned:

However, the Court believes a further discount [in fees and costs] is in order to reach a "just" result in light of Gullett's shared responsibility for this dispute . . . .
. . . .

. . . [M]uch of this dispute was caused by Gullett's own maneuvering, including his insistence upon a fake contract, appearing to eliminate all reference to the personal property in order to fool his lender, as well as the lack of definiteness both in the contract which Gullett drafted and in his own conduct (he put nothing in writing about the supposed failures of the contingencies)[.]

On these equitable grounds, the District Court then further reduced Gullett's request by one-half, awarding $10,115.66 in fees and $2,245.99 in costs, for a total award of $12,356.65.

¶23 Addressing attorney fees first, Gullett argues that the District Court abused its discretion in determining the fee award. However, bearing in mind that for a court to abuse its discretion, it must act arbitrarily, without employment of conscientious judgment, or exceed the bounds of reason resulting in substantial injustice, *Christofferson v. City of Great Falls,* 2003 MT 189, ¶ 14, 316 Mont. 469, ¶ 14, 74 P.3d 1021, ¶ 14, we find no abuse in the

District Court's award of attorney fees to Gullett. This impression is strengthened by the fact that the contract itself empowered the District Court to determine the award of attorney fees according to its view of what was "reasonable" and "just."

¶24 We find greater merit in Gullett's contention that the District Court abused its discretion in its award of costs. The District Court believed the contract allowed it to award a "just" amount of costs, in the same manner as attorney fees. However, the contract provision required an award of "actual costs," and provided discretionary language only with regard to an award of attorney fees.

¶25 In interpreting contracts, this Court has followed a basic rule of grammatical construction that, absent the manifestation of a contrary intention, "qualifying words and phrases should be applied only to the words or phrases immediately preceding, or in other words, the last antecedent." *American Music Co. v. Higbee,* 2004 MT 349, ¶ 18, 324 Mont. 348, ¶ 18, 103 P.3d 518, ¶ 18 (citations omitted). Here, the main clause of the subject provision indicates two separate awards to which "the prevailing party . . . shall be entitled." These are "actual costs," and "such reasonable attorney fees as the court or arbitrator shall determine just." These awards are separated from one another by the conjunction "and," and the latter award–"reasonable attorney fees"– is situated within, and governed by, the relative clause, "such . . . as the court . . . shall determine just." Due to the placement of "reasonable attorney fees" within this relative clause, and the remoteness of the phrase "actual costs" therefrom, we think it clear that the provision empowered the District Court to award

8

attorney fees on the basis of what is reasonable and just, but not costs, to which the prevailing party was entitled to the actual amount.

¶26 Thus, it was appropriate under the contract for the District Court to disallow costs Gullett incurred in prosecuting claims on which he failed to prevail ("the *prevailing party in such action shall be entitled to actual costs*"). However, it was inconsistent with the contract for the District Court to then halve the amount of actual costs on grounds which the contract reserves for consideration of attorney fee awards. We therefore hold that the District Court erred in reducing Gullett's actual costs of $4,491.97 by half. The contract grants Gullett his actual costs for the claim on which he prevailed, and we reverse and remand for entry of an order to that effect.

¶27 ***3. Did the District Court err in denying the Van Dykes' motion to compel entry of partial satisfaction of judgment?***

¶28 On cross-appeal, the Van Dykes argue that § 25-9-311, MCA, required the District Court to enter partial satisfaction of judgment, since they had paid the $10,000 awarded to Gullett by the verdict, together with the interest which had accrued thereon, and only the award of attorney fees and costs, a subject of this appeal, remains to be paid.

¶29 Section 25-9-311, MCA, reads, in relevant part:

> Whenever a judgment is satisfied in fact otherwise than upon an execution, the party or attorney must give such acknowledgment or make such endorsement, and upon motion, the court may compel it or may order the entry of satisfaction to be made without it.

9

¶30   Gullett argues that § 25-9-311, MCA, does not allow the district courts to enter, or to order the entry of, a partial satisfaction of judgment. He contends that satisfaction of a judgment must be total before a trial court may properly compel entry of satisfaction thereof, citing *Galbreath v. Armstrong* (1948), 121 Mont. 387, 193 P.2d 630. In *Galbreath*, the defendant tendered to the plaintiff a sum which he claimed fully satisfied the district court's judgment in the plaintiff's favor. When the plaintiff rejected this tender, the district court ordered him to acknowledge satisfaction. We reversed the district court, not on the grounds that satisfaction was only partial, as Gullett implies, but, rather, because the defendant had failed to follow certain statutorily-mandated procedures to accomplish "satisfaction in fact" of the judgment, and thus had disqualified his tender. *Galbreath*, 121 Mont. at 391-92, 193 P.2d at 632-33. That is not the situation here.

¶31   In *AAR Constr., Inc. v. Fergus Electric Cooperative, Inc.* (1985), 215 Mont. 102, 695 P.2d 819, we held:

> When a judgment is *partially satisfied in fact*, or when, by agreement of the parties a judgment debtor is entitled to a credit against a judgment, it is proper to apply . . . section 25-9-311, MCA.

*AAR Constr., Inc.*, 215 Mont. at 107, 695 P.2d at 823 (emphasis added).

¶32   The statute requires the party to whom the judgment is due, or his attorney, to acknowledge satisfaction of judgment, whether such satisfaction be complete or partial. In the event the party or attorney fails to acknowledge the judgment's satisfaction, the statute empowers the district court to compel the acknowledgment, or to order that the entry of satisfaction be made without it. In any case, acknowledgment of a judgment's satisfaction

10

may be compelled, whether partial or total. On remand, if Van Dykes still desire entry of a partial satisfaction of judgment, it shall be so ordered.

¶33    Affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.


/S/ JIM RICE


We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON