FILED

July 21 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0603

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 174

C.R. WEAVER,

       Plaintiff and Appellant,

   v.

ADVANCED REFRIGERATION, ADVANCED RESTAURANT
SUPPLY, DENNIS HECK, DUANE MARTIN, WILBUR
CURTIS MANUFACTURING, and JIM THRAMER,

       Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV-09-1151(A) Honorable Ted O. Lympus, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

              C.R. Weaver (self-represented), Kalispell, Montana

       For Appellees:

              Daniel W. Hileman, Kaufman, Vidal, Hileman, P.C., Kalispell, Montana
              (Wilbur Curtis Manufacturing)

              Paul D. Sullivan, Measure Law Office, P.C., Kalispell, Montana
              (Advanced Refrigeration, Advanced Restaurant Supply, Dennis Heck,
              Duane Martin, Jim Thramer)

                        Submitted on Briefs:  June 15, 2011
                                  Decided:  July 21, 2011

Filed:

_____
                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     C.R. Weaver (Weaver) appeals from two orders of the Eleventh Judicial District Court, Flathead County, granting summary judgment to Defendants.  We affirm.

## BACKGROUND

¶2     This dispute centers around the purchase of an industrial coffee urn.  Weaver, "representing Glacier Kitchens," ordered the coffee urn from Defendant, Advanced Restaurant Supply, for use by Glacier Kitchens, Inc. ("Glacier Kitchens").  Glacier Kitchens is a Montana corporation in which Weaver owns 90% of the shares.[1]  Weaver sought a coffee urn fitted for use with propane.  Advanced Restaurant Supply did not have the coffee urn in stock, so it ordered the coffee urn from Defendant, Wilbur Curtis Manufacturing ("Wilbur Curtis").  When the coffee urn arrived, Weaver took possession of it.  Glacier Kitchens used the coffee urn in the process of providing food and drink for forest firefighters under its food service contract with the United States Forest Service (USFS).  Although the coffee urn worked for a while, it ultimately malfunctioned because it was constructed for use with natural gas rather than propane.  Several attempts were made to repair the coffee urn, to no avail.  Glacier Kitchens' contract with the USFS was subsequently terminated by USFS, and Weaver alleges the termination was due to the malfunctioning coffee urn.[2]

¶3     On September 11, 2009, Weaver, as an individual, sued Advanced Restaurant Supply, Advanced Refrigeration, Dennis Heck, Duane Martin, Jim Thramer (collectively "ARS"),

---

[1]  Glacier Kitchens was involuntarily dissolved on December 1, 2009.
[2]  The record indicates numerous issues with Glacier Kitchens' performance of the contract,

2

and Wilbur Curtis for breach of contract. He alleged that a "contract attached" when he, "representing Glacier Kitchens," ordered the coffee urn from ARS. However, he sought damages of nearly 1 million dollars not under the alleged contract between Glacier Kitchens and ARS for the purchase of the coffee urn, but rather under the terminated food service contract between Glacier Kitchens and the USFS.

¶4 ARS and Wilbur Curtis sought summary judgment. The District Court granted their respective motions. First, regarding ARS, the District Court found that Weaver, as a shareholder in Glacier Kitchens, lacked standing to bring a claim that belonged to the corporation. It also found Weaver was warned more than once that he lacked standing to bring claims on behalf of Glacier Kitchens, and it was too late to amend the complaint. Regarding Wilbur Curtis, the District Court found that Weaver lacked standing, and that neither Weaver nor Wilbur Curtis was a party to the Glacier Kitchens/USFS contract under which Weaver was seeking damages, thus neither could have any obligations or liabilities via the contract.

¶5 Judgment was entered on December 1, 2010, for Wilbur Curtis, and January 18, 2011, for ARS. Both judgments included an award of costs in favor of the Defendants. Weaver appeals the following issues:

¶6 *Issue One: Did the District Court err in granting summary judgment to ARS and Wilbur Curtis?*

---

including "poor performance," running "out of several food items," "personal drama," the "coffee maker broke," and the need for "better management and training."

3

¶7    *Issue Two: Did the District Court err in awarding costs to ARS and Wilbur Curtis?*

## STANDARD OF REVIEW

¶8    We review summary judgment rulings *de novo*. *Goettel v. Estate of Ballard*, 2010 MT 140, ¶ 10, 356 Mont. 527, 234 P.3d 99. Applying the same M. R. Civ. P. 56 criteria as the district court, we determine whether the moving party has established both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Id*. We review a district court's conclusions of law for correctness. *Id*. at ¶ 11. We review a district court's findings of fact to determine whether they are clearly erroneous. *Id*.

## DISCUSSION

¶9    Weaver argues that the District Court erred in granting summary judgment to ARS and Wilbur Curtis because he personally bought the coffee urn, not Glacier Kitchens, and he was leasing the coffee urn to Glacier Kitchens. Weaver asserts the right to bring his claims in his individual capacity because Glacier Kitchens is a "dissolved/defunct" corporation. He also argues he should be allowed to amend his complaint at any time within the statute of limitations. Finally, he argues he should not have to pay costs.

¶10    ARS argues that an individual shareholder of a corporation, even a defunct corporation, cannot bring a claim belonging to the corporation. ARS also argues that the District Court was within its authority to set deadlines for amending the complaint. Finally, ARS argues the award of costs was proper and Weaver failed to raise a legitimate argument as to why costs should not have been awarded.

4

¶11 Wilbur Curtis also argues that Weaver, as an individual shareholder in Glacier Kitchens, cannot bring a claim that belongs to the corporation. Further, Wilbur Curtis asserts that because neither it nor Weaver was a party to the USFS contract with Glacier Kitchens, neither can have any obligations or liabilities under the contract. Wilbur Curtis finally argues that the award of costs was appropriate and Weaver has not shown otherwise.

¶12 *Issue One: Did the District Court err in granting summary judgment to ARS and Wilbur Curtis?*

¶13 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M. R. Civ. P. 56(c); *Old Elk v. Healthy Mothers, Healthy Babies, Inc.*, 2003 MT 167, ¶ 15, 316 Mont. 320, 73 P.3d 795. The initial burden is on the moving party to establish that no genuine issue of material fact exists. *Old Elk*, ¶ 15. The burden then shifts to the non-moving party, who must "set forth specific facts showing that there is a genuine issue for trial." *Id*. To raise a genuine issue of material fact, the proffered evidence must be "material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious." *Id*. at ¶ 16. A party is bound by the admissions in its pleadings. *Farm Credit Bank of Spokane v. Hill*, 266 Mont. 258, 264, 879 P.2d 1158, 1161 (1993).

A. **Summary Judgment for ARS**

¶14 Generally, a shareholder may not bring a claim that belongs to their corporation. *Gullett v. Van Dyke Construction Co.*, 2005 MT 105, ¶ 14, 327 Mont. 30, 111 P.3d 220; *Stott v. Fox*, 246 Mont. 301, 306, 805 P.2d 1305, 1308 (1990).

¶15 The District Court properly granted summary judgment to ARS. Weaver's complaint states he was "representing Glacier Kitchens" when he purchased the coffee urn from ARS. Weaver is bound by his pleadings. *Farm Credit Bank*, 266 Mont. at 264, 879 P.2d at 1161. Any claim against ARS for the defective coffee urn belongs to Glacier Kitchens, not to Weaver personally. As a shareholder, Weaver cannot bring the claim on behalf of Glacier Kitchens. *Gullett*, ¶ 14; *Stott*, 246 Mont. at 306, 805 P.2d at 1308.

¶16 Weaver was warned about this defect in his complaint. Lack of standing was one of ARS's affirmative defenses – "Weaver lacks standing to bring any of the claims arising from the transactions giving rise to any of the claims alleged in the Complaint." Additionally, in response to Weaver's first motion for sanctions, ARS stated "Weaver may believe that filing his claims in his individual capacity is proper. Whether this is correct as a matter of law is something he remains free to argue. Ultimately, it is for the Court to decide." Weaver had notice that he should at least consider amending his complaint to include Glacier Kitchens as a plaintiff. Even after receiving notice, Weaver did not attempt to amend his complaint.

¶17 Weaver's argument that the statute of limitations controls when he can amend is complaint is unavailing. The statute of limitations is a deadline by which an action must be commenced. If an action is not commenced before the expiration of the statute of limitations, the action is generally barred. Section 27-2-202, MCA (limitations period for an

action based on contract). It is clear that Weaver commenced this action before the statute of limitations expired. However, once Weaver commenced the action, the District Court had the authority to set deadlines for amendments to the pleadings. M. R. Civ. P. 16(b)(1); *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 80, 353 Mont. 442, 222 P.3d 580. According to the District Court's scheduling order, Weaver had nearly one year to amend his complaint. He did not do so. In fact, no motion to amend was ever filed by Weaver.

¶18 Finally, Weaver alleges for the first time on appeal that he has the right to bring this action because Glacier Kitchens is a "dissolved/defunct" corporation. We do not consider issues raised for the first time on appeal. *State v. Belanus*, 2010 MT 204, ¶ 17, 357 Mont. 463, 240 P.3d 1021. However, we note that dissolution does not prevent commencement of a proceeding by or against the corporation in its corporate name. Section 35-1-935(2)(e), MCA.

¶19 We affirm the grant of summary judgment to ARS.

**B. Summary Judgment for Wilbur Curtis**

¶20 The District Court properly granted summary judgment to Wilbur Curtis. First, as stated above, Weaver, an individual shareholder, cannot maintain an action that belongs to Glacier Kitchens. See ¶ 15 above.

¶21 Additionally, the District Court was correct in determining that Weaver, a stranger to the contract under which he sought damages, lacked standing to bring an action for breach of contract. *Dick Anderson Construction, Inc. v. Monroe Construction Co.*, LLC, 2009 MT 416, ¶ 46, 353 Mont. 534, 221 P.3d 675. "The obligation of the contract is limited to the

contracting parties, and ordinarily only those who are parties to the contract are liable for their breach." *Fordyce v. Musick*, 245 Mont. 315, 319, 800 P.2d 1045, 1047 (1990). Weaver sought damages under Glacier Kitchens' contract with USFS. Undisputedly, neither Weaver nor Wilbur Curtis was a party to that contract. Therefore, Weaver lacked standing to bring his claim.

¶22 We affirm the grant of summary judgment to Wilbur Curtis.

¶23 *Issue Two: Did the District Court err in awarding costs to ARS and Wilbur Curtis?*

¶24 Weaver objects to costs being awarded to ARS and Wilbur Curtis in their respective judgments. However, the case he relies upon, *Thompkins v. Fuller*, 205 Mont. 168, 667 P.2d 944 (1983), deals with attorney fees. Costs do not include attorney fees. See § 25-10-201, MCA; *Small v. Good*, 284 Mont. 159, 164, 943 P.2d 1258, 1261 (1997) (citing *Higgins v. Montana Hotel Corp.*, 181 Mont. 149, 156, 592 P.2d 930, 934 (1979)). No attorney fees were awarded to either ARS or Wilbur Curtis.

¶25 Weaver has not met his burden to establish error. *Small*, 284 Mont. at 163, 943 P.2d at 1260 (appellant carries the burden of establishing error by the district court.). Weaver has put forth no argument or authority regarding the award of costs. Therefore, we affirm the award of costs to ARS and Wilbur Curtis.

## **CONCLUSION**

¶26 For the reasons stated above, we affirm.

/S/ MICHAEL E WHEAT

8

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE


Justice Beth Baker, concurring in part and dissenting in part.

¶27 I concur with the Court's holding that, as a shareholder of Glacier Kitchens, Weaver may not assert claims on behalf of the corporate entity. The damages sought in Weaver's Complaint are damages suffered, if at all, by Glacier Kitchens, and may not be pursued by Weaver personally. I would reverse, however, the District Court's refusal to allow Weaver the opportunity to amend his complaint to substitute Glacier Kitchens as the named plaintiff.

¶28 Under M. R. Civ. P. 15(a), " 'leave [to amend] shall be freely given when justice so requires.' " *Farmers Coop. Assn. v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690 (quoting M. R. Civ. P. 15(a)). The decision to grant or deny a motion to amend is within the district court's discretion. *Id.* "[T]his does not mean that a court must automatically grant a motion to amend." *Allison v. Town of Clyde Park*, 2000 MT 267, ¶ 20, 302 Mont. 55, 11 P.3d 544 (citation omitted). We have, however, long recognized the liberal allowance for amendment of pleadings, and generally "it is the rule to allow amendments and the exception to deny them." *Lien v. Murphy Corp.*, 201 Mont. 488, 492, 656 P.2d 804, 806 (1982) (quoting *Union Interchange, Inc. v. Parker*, 138 Mont. 348, 354, 357 P.2d 339, 342 (1960)).

9

¶29 We have observed that leave to amend may be denied on the basis of several factors, including "undue delay, bad faith, and dilatory motive," as well as " 'repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc.' " *Farmers Coop. Assn.*, ¶ 13 (citations omitted). We also have upheld denial of a motion to amend where a party withheld its claims for strategic reasons until after a summary judgment ruling on other claims. *Kershaw v. Mont. Dept. of Transportation*, 2011 MT 170, ¶ 28, ___ Mont. ___, ___ P.3d ___.

¶30 In this case, upon concluding Weaver lacked standing to bring claims on behalf of Glacier Kitchens, the District Court denied him an opportunity to amend because the time for amendment set by the court's scheduling order had expired. While this Court affords broad discretion to a trial court's rulings on amendments to pleadings, expiration of a scheduling deadline is but one factor in the analysis. *Lindey's v. Professional Consultants*, 244 Mont. 238, 242-43, 797 P.2d 920, 923-24 (1990) (upholding denial where amendment already had been allowed once, amendment would have caused substantial prejudice to the opposing parties, additional discovery would have been required, and the trial would have been unduly delayed); *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 80, 353 Mont. 442, 222 P.3d 580 (amendment properly denied after repeated failures to meet pleading deadlines). We have noted the importance of balancing the justification for amendment against considerations of prejudice to the opposing party. *Farmers Coop. Assn.*, ¶ 14; *Textana*, ¶ 79.

¶31    While the defendants present the indisputable proposition that the District Court has the right to set and enforce scheduling deadlines, neither defendant even claims prejudice from allowing substitution of the proper party plaintiff. In my view, without any showing of prejudice by the defendants or balancing of the parties' interests, it was an abuse of discretion for the court to summarily refuse amendment.

¶32    The record reflects exchange of extensive written discovery and it is not argued that substantial additional discovery would be required. Nor would amendment necessarily be futile. A party who proves breach of contract is entitled to compensation equal to what that party would receive if the contract were performed. *Bradley v. Crow Tribe of Indians*, 2005 MT 309, ¶ 29, 329 Mont. 448, 124 P.3d 1143; § 27-1-311, MCA. Contract damages may include lost profits, if the plaintiff can prove that "the loss of profits is the result" of the breach and that such profit in fact would have been derived. *Lee v. Kane*, 270 Mont. 505, 511, 893 P.2d 854, 857 (1995).

¶33    Certainly, Weaver may not be allowed to continue in a self-represented capacity to advance claims on behalf of Glacier Kitchens. As we noted in *Zempel v. Liberty*, 2006 MT 220, ¶ 18, 333 Mont. 417, 143 P.3d 123, a non-lawyer may not represent the interests of a third party in district court proceedings. Weaver has been informed in prior litigation that he may not represent other individuals or entities in court. *Weaver v. Law Firm of Graybill*, 246 Mont. 175, 178, 803 P.2d 1089, 1091 (1990). With proper representation, however, he should be given the opportunity to substitute the real party in interest.

/S/ BETH BAKER