NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAFECO INSURANCE COMPANY OF
AMERICA,

          Plaintiff-Appellee,

v.

JEFFREY JAMES HALVORSON,

          Defendant-Appellant.

No.   22-35332

D.C. No. 9:21-cv-00036-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted March 27, 2023
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,[**] District Judge.

Jeffrey James Halvorson appeals a summary judgment in favor of Safeco

Insurance Company of America in this insurance coverage dispute. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Universal Cable*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019), we reverse and remand.

"When interpreting [a Montana] insurance policy, we read the policy as a whole and, if possible, we reconcile its various parts to give each one meaning and effect." *Daniels v. Gallatin County*, 513 P.3d 514, 518 (Mont. 2022). If the policy is ambiguous from the perspective of a reasonable consumer giving terms their usual, commonsense meaning, then we construe it "in favor of the insured with any doubts resolved in favor of extending coverage." *Loendorf v. Emps. Mut. Cas. Co.*, 513 P.3d 1268, 1272 (Mont. 2022).

The district court concluded that the word "dwelling," in isolation, is ambiguous because it can take on "a broader meaning—encompassing multiple structures." We agree. The word references the activity in a particular place rather than the place's physical characteristics. *See McFarland v. Liberty Ins. Corp.*, 434 P.3d 215, 221 (Idaho 2019) ("A survey of multiple dictionaries reveals that the principal element of a dwelling is residence or habitation."). For example, the Missoula City-County Health Code, which applies to Halvorson's property, defines "[d]welling or residence" to encompass "one or more structures or portion thereof."

Thus, the sole issue is whether the balance of Halvorson's homeowners policy eliminates this ambiguity such that "dwelling" can reasonably only refer to a single structure.[1] We conclude that it does not.

Safeco points to the differences between Coverage A and Coverage B. Coverage A applies to "the dwelling . . . , including structures attached to the dwelling other than fences, driveways or walkways." Coverage B applies to "other structures . . . separated from the dwelling by clear space." The logical inference, Safeco argues, is that "the dwelling constitutes a single structure unless the dwelling and another structure are physically attached," and "Coverage B extends to all other structures which are not physically attached to the singular dwelling."

However, the Coverage A and B provisions make equal sense if "dwelling" comprises two or more inhabited structures. The policy's first two examples of "other structures" are uninhabited structures—"retaining walls" and "decorative or privacy walls"—suggesting that "other structures connected to the dwelling by only a fence, utility line, plumbing, or similar connection" also refers to uninhabited structures, such as a detached garage, tool shed, or gazebo. *See Briese v. Mont. Pub. Emps.' Ret. Bd.*, 285 P.3d 550, 556 (Mont. 2012) ("[W]here a list of specific things is followed by a more general word or phrase, the general word or

---

[1] We do not address Safeco's alternative contention regarding issue preclusion because the district court has not yet done so. *See Belaustegui v. Int'l Longshore & Warehouse Union*, 36 F.4th 919, 930 (9th Cir. 2022).

3

phrase is interpreted to include only items that are 'similar in nature' to those listed." (quoting *Mattson v. Mont. Power Co.*, 215 P.3d 675, 685 (Mont. 2009))).

Safeco also points to Coverage A's application to "the dwelling . . . used principally as a private residence." This "principal use" clause, Safeco argues, shows that "the term dwelling refers to the singular structure being utilized primarily as a private residence and separates that term from other structures on the property." But the more natural reading of the "principal use" clause is a requirement that the dwelling (whether one or more structures) be used predominantly for residential rather than business purposes. Such a construction dovetails with the policy exclusion for other structures "used in whole or in part for business" (emphasis omitted). If the "principal use" clause were intended to limit Coverage A to one of multiple residential structures on an insured's property, then one would expect "principal" to modify "dwelling" rather than "use"—*i.e.*, "the principal dwelling . . . used as a private residence." *See Gullett v. Van Dyke Constr. Co.*, 111 P.3d 220, 224 (Mont. 2005) ("[Q]ualifying words and phrases [ordinarily] should be applied only to the words or phrases immediately preceding . . . ." (quoting *Am. Music Co. v. Higbee*, 103 P.3d 518, 522 (Mont. 2004))).[2]

---

[2] Safeco appears to have abandoned its contention that the undisputed facts show that the outbuilding was not "used principally as a private residence," as the policy requires. When asked at oral argument whether the outbuilding was used

4

The cases to which the district court cited and on which Safeco primarily relies are distinguishable. In *Horak v. Middlesex Mutual Assurance Co.*, the policy plainly referred to a single "dwelling building," and the parties did not dispute that coverage, if any, was for appurtenant structures under Coverage B. 436 A.2d 783, 783–84 (Conn. 1980) (per curiam). In *American National Property & Casualty Co. v. Williamson*, the court did not apply the rule "that ambiguities in insurance policies be resolved in favor of the insured" and instead "determine[d] how best to interpret 'dwelling,'" 547 F. Supp. 3d 741, 753 (S.D. Ohio 2021), which we are not free to do.

Because "dwelling" can refer to multiple inhabited structures and nothing in the policy language renders such an interpretation unreasonable here, we reverse the district court's grant of summary judgment to Safeco and remand for further proceedings.

**REVERSED and REMANDED.**

---

more for residential than nonresidential activities, Safeco's counsel acknowledged "that is probably a close fact issue" because "there's a lot of residential use of the outbuilding." We agree.