DA 11-0316

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 261N

JEFFREY SHOWELL,

      Plaintiff and Appellant,

  v.

SCHMART, LLC,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Ninth Judicial District,
                  In and For the County of Toole, Cause No. DV-08-046
                  Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey Showell (Self-Represented), Bowling Green, Ohio

      For Appellee:

          Nathan J. Hoines, Eric Biehl, Hoines Law Office, P.C.,
         Great Falls, Montana

Submitted on Briefs:  September 28, 2011

Decided:    October 18, 2011

Filed:

_____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2006, four tax lien sales occurred in Toole County on properties owned by Schmart, LLC. These four properties were assigned to Olympian Hiawatha, LLC (Hiawatha), in December 2007. Hiawatha was a business licensed in Montana to acquire tax deeds. It was owned by Jeffrey Showell but Showell has since voluntarily dissolved Hiawatha.

¶3 On July 14, 2008, the Toole County Treasurer issued the four tax deeds to Hiawatha. Hiawatha filed the deeds and then transferred them to Showell. Showell filed a quiet title action on July 24, 2008. Schmart defended against the action and the parties ultimately moved for summary judgment. The District Court determined that Hiawatha's notices to Schmart were defective, and therefore the deeds were void. Showell appealed the District Court's order on summary judgment and we reversed and remanded, holding that the District Court applied the incorrect statutes in its analysis.

¶4 Upon remand, the District Court scheduled the matter for a bench trial on March 25, 2011. At the close of trial, the District Court requested proposed findings of fact and

2

conclusions of law and order from the parties. The District Court record includes Schmart's proposed findings and conclusions but does not include any such document from Showell. The District Court ruled in favor of Schmart on May 3, 2011, holding that the Toole County Treasurer issued the tax deeds prematurely and they were therefore void. The court concluded Schmart, LLC, remained the proper owner of the properties. The court's order does not include any reference to reimbursement of funds or §§ 15-18-112 or -412, MCA.

¶5    Citing §§ 15-18-112 and -412, MCA, Showell appeals—not the District Court's holding that Schmart owns the four properties—but the District Court's failure to order Schmart to reimburse him for the taxes, penalties, interest and costs Hiawatha paid when it purchased the four property tax liens.

¶6    Showell argues on appeal the court's failure to address this was error and we should remand to the District Court with instructions that the District Court order Schmart to "completely redeem the 4 tax liens with costs and interest to date as per MCA 15-18-112(2) . . . ." Schmart counters that Showell did not raise this issue during the trial nor did he provide any evidence upon which the District Court could have rendered such a decision. Additionally, Schmart asserts, neither statute cited by Showell in his appeal brief require the District Court to raise the issue sua sponte. In his reply brief, Showell does not refute Schmart's argument.

¶7    We note that in April 2009, Showell requested an order from the District Court instructing Schmart "to deposit with the [c]ourt the amount of all taxes, interest, penalties, and costs paid by [Showell]," in accordance with § 15-18-411, MCA. Showell,

3

however, provided no evidence as to the amount he was requesting. The District Court denied the request on multiple grounds. Showell re-filed a Request for Order, attaching the tax deeds and indicating the Toole County Treasurer had calculated the amount, as of June 24, 2009, to be $7,366.29. Schmart challenged Showell's Request for Order and a hearing was set. While awaiting the hearing date, both parties filed motions for summary judgment. Showell then withdrew his request for an order stating that because the matter was moving toward resolution, his request for the order was moot.

¶8 The record before us on appeal contains no documents reflecting that the issue presently on appeal was raised in the District Court following remand. Moreover, as Showell has not filed a transcript of the bench trial, we have no way of ascertaining if he presented evidence during the bench trial to support an order of reimbursement of the taxes, penalties, interest and costs incurred in the purchase of the tax liens. Under M. R. App. P. 8(2), it is incumbent upon the appellant to provide this Court with a record sufficient to enable us to rule upon the issues raised. Showell has not done so.

¶9 Lastly, presuming Showell failed to raise the issue with the District Court following remand and during trial, he is attempting to raise this issue for the first time on appeal. It is well-established that we will not address an issue raised for the first time on appeal. *Weaver v. Advanced Refrigeration*, 2011 MT 174, ¶ 18, 361 Mont. 233, 257 P.3d 378 (citation omitted).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

4

District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11     We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE